STATE *v.* ROY FREELS.

(*Knoxville.*   September Term, 1916.)

STATUTES.   Validity.   Title.   "Automobiles."

Acts of 1905, chapter 173, the title to which refers only to automobiles, but the body of which regulates the use of motorcycles, locomobiles, and other vehicles of like character, excepting street cars, does not violate Const., art. 2, sec. 17, providing that no bill shall embrace more than one subject, that subject to be expressed in the title, since "automobile" is defined to be a vehicle or mechanism, especially a self-propelled vehicle suitable for use on a street or roadway, and the term is broad enough to include the other vehicles mentioned in the body of the act.

Acts cited and construed: Acts 1905, ch. 173.

Cases cited and approved: Malone v. Williams, 118 Tenn., 438; Palmer v. Express Co., 129 Tenn., 116; Brown v. Maryland, 12 Wheat., 436; State v. Yardley, 95 Tenn., 560; Cole Mfg. Co. v. Falls, 90 Tenn., 469; Ellis v. State, 92 Tenn., 93; Railroads v. Crider, 91 Tenn., 507; Henley v. State, 98 Tenn., 665; Austin v. State, 101 Tenn., 562; State ex rel. v. Schlitz Brewing Co., 104 Tenn., 715.

Cases cited and distinguished: Hardaway v. Lilly, 48 S. W., 712; Railroad v. Harris, 99 Tenn., 684.

Constitution cited and construed: Art. 2, sec. 17.

FROM GRAINGER.

Error to the Circuit Court of Grainger County.— A. M. PAINE, Judge.

ANDERSON & THOMASON, for plaintiff in error.

WM. H. SWIGGART, JR., Assistant Attorney-General, for the State.

MR. EVANS, Special Judge, delivered the opinion of the Court.

The plaintiff in error, Roy Freels, was convicted in the circuit court of Grainger county upon an indictment charging that the said Freels "unlawfully ran and drove a certain vehicle for conveying persons, to wit, a certain motorcycle on a public road of said county, where and when one James Nance was driving a team of horses, which it became and was apparent same had become and were frightened by the approach of said motorcycle, which was being operated at a higher rate of speed than twenty miles per hour, and defendant failed and refused to come to a full stop until said horses could pass, but frightened said horses in said road as aforesaid," etc. Plaintiff in error filed a motion for a new trial in the court below, which was overruled, and he has appealed to this court.

The sole question raised before us is that of the constitutionality of an act of the General Assembly of the State of Tennessee, being chapter 173, of the Acts of 1905. This act is assailed upon the ground that in contravenes article 2, section 17, of the Constitution, which provides that:

"No bill shall become a law which embraces more than one subject; that subject to be expressed in the title."

It is insisted that the caption of the act refers to the regulation of "automobiles," while the body thereof attempts to regulate the operation of any automobile, locomobile, motorcycle, or any other vehicle of like character other than street railway cars, and that therefore the body of the act contains more than one subject and is in violation of the constitutional provision above quoted. The caption of the act is:

"An act to require owners of automobiles to register and number the same; to regulate the operation thereof; to provide for the recovery of damages for injuries caused by the unlawful running thereof; and to fix the penalty for the violation of the provisions of this act."

The portion of section 1, upon which plaintiff in error bases his contention, is as follows:

"Be it enacted by the General Assembly of the State of Tennessee, that before any owned of any automobile, locomobile, motorcycle, or any other vehicle of like character, other than street railway cars hereinafter termed 'automobile,' used for the purpose of transporting or conveying persons or freight, or for any other purpose, whether such automobile is propelled by steam, gasoline, or electricity, or any other mechanical power, shall operate or permit to be operated any automobile upon any

street, road, highway, or any other public thorough-
fare, such owner shall register such automobile with
the secretary of State, giving the motive power,''
etc.

We are of opinion that the term ''automobile,''
used in the caption of the act, is a generic term, in-
tended by the legislature to mean self-propelled
vehicles. This is in accordance with the etymology
of the word. In Webster's New International
Dictionary, ''automobile'' is thus defined:

''An automobile, vehicle or mechanism; especially
a self-propelled vehicle, suitable for use on a street
or roadway.''

The cases in our books construing and applying
article 2, section 17 of the Constitution are very
numerous, and are collected in *Hardaway* v. *Lilly*
(Ch. App. 1898), 48 S. W., 712, *Malone* v. *Williams,*
118 Tenn., 438, 103 S. W., 798, and *Palmer* v. *Express
Company,* 129 Tenn., 116, 165 S. W., 236. In the last-
mentioned case, this court, quoting from *Hardaway*
v. *Lilly,* supra, used this language:

''Very few instances, if any, can be found among
the cases cited where the body of the act was de-
clared to be repugnant to the title, unless such re-
pugnancy was in fact clear and unmistakable.''

In *Railroad* v. *Harris,* 99 Tenn., 684, 43 S. W., 115,
53 L. R. A., 921, this court said:

''All intendments are in favor of the constitution-
ality of an act passed with requisite form and cere-
mony, as was true in this instance; and where one of

two reasonable constructions would render the law obnoxious to the Constitution and the other would not, the latter would be adopted by the courts. Suth. Stat. Con. sec. 332; Cooley's Const. Lim. (5th Ed.), 218; Black's Const. Law, sec. 28; *Brown* v. *Maryland,* 12 Wheat., 436, 6 L. Ed., 678; *State* v. *Yardley,* 95 Tenn., 560, 32 S. W., 481, 34 L. R. A., 656; *Cole Mfg. Co.* v. *Falls,* 90 Tenn., 469, 16 S. W. 1045; *Ellis* v. *State,* 92 Tenn., 93, 20 S. W., 500; *Railroads* v. *Crider,* 91 Tenn., 507, 19 S. W., 618.''

To the same effect, see *Henley* v. *State,* 98 Tenn., 665, 41 S. W., 352, 39 L. R. A., 126; *Austin* v. *State,* 101 Tenn., 562, 48 S. W., 305, 50 L. R. A., 478, 70 Am. St. Rep., 703; *State ex rel. Astor* v. *Schlitz Brewing Company,* 104 Tenn., 715, 59 S. W., 1033, 78 Am. St. Rep., 941.

In the present case we are of opinion that the word ''automobile'' is used in the act as a generic term, and is sufficiently broad to embrace the vehicles mentioned in the body of the act. We think this is the reasonable construction of the language of the caption, and, being so construed, the act is constitutional.

It results that there is no error in the judgment of the circuit court, and the same is therefore affirmed.