BETHLEHEM MOTORS CORPORATION ET AL. v. GEORGE W. FLYNT,
SHERIFF.

(Filed 5 November, 1919.)

1. **Commerce—Automobiles—Demonstrations—Direct Sales.**

Auto trucks consigned to selling agents from other States and warehoused in this State, though used for demonstration purposes, but sold to customers therefrom, are not in interstate commerce, and our statute taxing them is not in contravention of Art. 1, sec. 8 (3), of the Federal Constitution.

2. **Automobiles—Auto Trucks—Definition—Taxation.**

Auto trucks come within the designation of automobiles used by our statute in taxing manufacturers of automobiles.

3. **Taxation—Constitutional Law—License— Automobiles— Foreign Dealers —Investments in North Carolina—Deductions—Equality.**

Sec. 72, ch. 231, Laws 1917, imposing license taxes on the manufacturer or other person engaged in the business of selling automobiles in this State, reducing the rate if three-fourths of the entire assets of the manufacturer are invested and returned for taxes herein, applies indiscriminately to the manufacturers of every State, and being for the object of reducing the license tax for selling automobiles in this State when the seller is already paying a tax here on three-fourths of his assets, is violative neither of the Federal Constitution, Art. I, sec. 8 (3), Art. IV, sec. 2, Art. XIV, sec. 1, nor of our State Constitution, Art. V, sec. 3.

APPEAL by plaintiffs from *Bryson, J.,* at May Term, 1919, of FORSYTH.

It appears from the facts found by consent and from the admissions, affidavits and pleadings in the cause that the plaintiff, the Bethlehem Motors Corporation, is engaged in the manufacture of Bethlehem trucks in Pennsylvania, and that of the other plaintiffs the National Motor and Vehicle Company is engaged in the manufacture of the National automobile in Indiana; the W. Irving Young & Company is a corporation of Maryland; that the Liberty Motors Corporation is incorporated in this State with its office in Winston, and that the National Motor Company is also incorporated in this State, with its principal office in Greensboro. The two companies last named represent W. Irving Young & Company as their agents at Winston and Greensboro.

Under authority of Laws 1917, ch. 231, sec. 72, the sheriff of Forsyth levied on a National motor car, and the sheriff of Guilford upon a Bethlehem truck for nonpayment of the license tax for selling under above section. The plaintiffs sued out a restraining order against the sheriff of Forsyth from selling the motor car and against the sheriff of Guilford from selling the Bethlehem truck. From the dissolution of said restraining orders the plaintiffs appealed.

*J. E. Alexander* for plaintiffs.
*Jones & Clement* for defendant.
*Attorney-General Manning* and *Assistant Attorney-General Nash* for the State.

CLARK, C. J. The facts being practically admitted, the real question before the Court is whether section 72, chapter 231, Laws 1917, is constitutional.

As found by the court, the trucks and automobiles consigned to the Liberty Motor Corporation and the National Motor Company by the other plaintiffs are sold direct by such consignees from their storage warehouses in this State. They are consigned to them for that purpose, and not to be used exclusively as samples or for demonstration purposes, and the court finds from the testimony that purchasers were obtained here by the said consignee companies, the cars and trucks on hand being used for demonstration, and the sales were made direct from their warehouses in this State.

Under such circumstances, the goods, after reaching the storage warehouse in this State, were not in interstate commerce. *Sewing Machine Co. v. Brickell*, 233 U. S., 304. Again, where coal was mined in Pennsylvania and sent by water to New Orleans, and sold on the open market on account of the mine owners in Pennsylvania; or even if the coal was not landed in New Orleans, but was sold and transferred there to another vessel bound to a foreign port, the coal was intermingled with property in Louisiana and the sale was not an interstate transaction. *Brown v. Houston*, 114 U. S., 622. There was no error in the exception that the judge did not find that this was interstate commerce.

It is assigned for error that the words in the statute, "manufacturers of automobiles," do not include "motor trucks." The definition of automobile is given, 28 Cyc., 24, as follows (which we think is correct): "An automobile, in the sense in which the term has come to be commonly understood, is a motor vehicle, usually propelled by steam, electricity, or gasoline, and carrying its motive power within itself. It falls within the appellation of 'carriage' and vehicle."

Said section 72, chapter 231, Laws 1917, imposed license taxes on every manufacturer or other person engaged in the business of selling automobiles in this State. The question intended to be raised by this appeal is the constitutionality of the second proviso in that section: "*Provided further,* that if the officer, agent, or representative of such manufacturer shall file with the State Treasurer a sworn statement showing that at least three-fourths of the entire assets of the said manufacturer of automobiles are invested in any of the following securities or property, viz.: bonds of the State of North Carolina, or of any county,

city, or town of said State, or any property situated therein, and returned for taxation therein, the taxes named in this section shall be one-fifth of those named."

The plaintiffs allege that by reason of this proviso the act was in violation of the Federal Constitution, because:

1. It is in conflict with the interstate commerce clause, Art. I, sec. 8 (3).

2. It is in conflict with Art. IV., sec. 2, in that it deprives them of the privileges and immunities of other citizens.

3. It is in conflict with section 1 of XIV Amendment, in that it denies the plaintiffs equal protection of the laws.

First. Section 72 is not obnoxious to the interstate commerce clause. In *New York v. Roberts,* 171 U. S., 658, the Court says: "It must be regarded as finally settled by frequent decisions of this Court that, subject to certain limitations as respects interstate and foreign commerce, a State may impose such conditions upon permitting a foreign corporation to do business within its limits as it may judge expedient; and that it may make the grant or privilege dependent upon the payment of a specific license tax, or a sum proportioned to the amount of its capital used within the State."

In regard to the contention that the statute discriminated against foreign corporations, the Court said: "If the object of the law in question was to impose a tax upon products of other States while exempting similar domestic goods from taxation, there might be room to contend that such a distinction was constitutionally objectionable as tending to affect or regulate commerce between the States. But we think that, obviously, such is not the purpose of this legislation. Every corporation, joint-stock company, or association whatever, now or hereafter' incorporated, organized or formed under, by, or pursuant to law in this State, or in any other State or county, and doing business in this State, . . . shall be liable to and shall pay a tax, as a tax upon its franchise or business into the State Treasury annually, to be computed as follows: . . . It will be perceived that the tax is prescribed as well for New York corporations as for those of other States. It is true that manufacturing or mining corporations wholly engaged in carry on manufacture, or mining ores, within the State of New York are exempted from this tax; but such exemption is not restricted to New York corporations, but includes corporations of other States as well, when wholly engaged in manufacturing within the State."

In *Brewing Co. v. Brister,* 179 U. S., 452, it was held that the exemption from tax on sales by the manufacturer in Ohio of intoxicating liquor of his own make was not an illegal discrimination against a for-

eign corporation which was taxed on sales of its liquor manufactured outside of the State and sold in Ohio.

Section 72 does not tax the plaintiffs, or any of them, by reason of the manufacture of automobiles, but taxes only selling them in this State, after they arrive here and have become a part of the personal property in this State.

Second. Section 72 does not interfere with the privilege and immunities as citizens of the United States, for it has always been held that the term "citizen," in Art. IV, sec. 2, U. S. Constitution, which declares that, "The citizens of each State shall be entitled to all the privileges and immunities of citizens in the several States," refers to natural persons only, members of the body politic, owing allegiance to the State and not to artificial persons created by the Legislature and possessing only such attributes as the Legislature has prescribed.

Third. Section 72 does not deny the equal protection of the laws to the plaintiffs. While corporations are held to be persons within the equal protection and due process clauses of the XIV Amendment, they are not citizens within the privileges and immunities clause of that section. *Western Turf Association v. Greenberg,* 204 U. S., 363. While probably no manufacturer of automobiles in another State could invest three-fourths of all its assets in bonds of this State, or of any county, city, or town of this State, section 72 does not deny the plaintiffs the equal protection of the law because it confers no benefit on any citizen of this State which is not equally conferred upon a citizen of another State.

That part of the proviso which reduces the selling license tax from $500 to $100 upon the manufacturer who has invested at least three-fourths of his entire assets in any property situated in this State, or in the bonds of this State and its counties and towns, is not in violation of the U. S. Constitution. When the corporation is not created by this State, nor doing business here under conditions that subject it to process issuing from our courts, it is not within the provision of the XIV Amendment. *Blake v. McClung,* 172 U. S., 260.

Indeed, the provision is not discriminatory. In *Armour v. Virginia,* 118 Va., 242, the Court of that State sustained a statute imposing a license tax upon all merchants for the privilege of doing business, but exempting manufacturers who were already taxed on their capital by that State, and who offered for sale at the place of manufacture, goods, wares, and merchandise manufactured by them. This was affirmed on writ of error, *Armour v. Virginia,* 246 U. S., 1, already cited. To same purport, *New York v. Roberts,* and *Brewing Co. v. Brister,* both cited *supra.* To same purport, *Sugar Refining Co. v. Louisiana,* 179 U. S., 89.

The contention of the plaintiffs may be summed up in the proposition that the State having laid a tax of $500 upon the business of selling automobiles in this State, could not reduce the amount to $100 as to those persons or companies who have listed and paid taxes on three-fourths of their property in this State. We think this provision does not violate any. clause, either of the State or Federal Constitution. Indeed, in our State Constitution we have a very similar provision in Art. V, sec. 3: "The General Assembly may also tax trades, professions, franchises, and incomes, provided no income shall be taxed when the property from which the income is derived is taxed." The object is to reduce the license tax for selling automobiles in this State in cases where such seller is already paying a tax to the State on three-fourths of his assets.

Affirmed.