## Strycker et al., Appellants, v. Richardson et al.

*Real estate—Easements—Dominant and servient tenement.*

A reservation by the original grantors of a right-of-way to "the owner of the land next adjoining on the west"; together with a grant by the same original grantors to such owner on the west, "his heirs and assigns" "of a reasonable right-of-way for teams and wagons over and across the adjacent land on the east" is not the creation of an easement in gross to be enjoyed only by the persons of the grantees named in the original deed, but creates a perpetual right-of-way over the servient tenement. The right-of-way for the use of wagons and teams includes a right-of-way for automobiles.

An automobile is a vehicle propelled by power within itself, used to convey passengers or materials, and in a general sense is a wagon.

Argued April 11, 1921. Appeal, No. 144, April T., 1921, by plaintiffs, from decree of C. P. Erie Co., Nov. T., 1919, sitting in equity, dismissing bill in equity in the case of Margaret Strycker, Alice Nourse, v. P. G. Richardson, Leon Richardson, Frank M. Ward, Roy Kibler, Sumner Teller, Vern Blakely, and such other parties as may be affected by these proceedings. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Bill in equity for injunction. Before HIRT, J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the bill. Plaintiffs appealed.

*Error* assigned, among others, was the decree of the court.

*S. Y. Rossiter*, for appellants.

*Charles A. Mertens*, and with him *Monroe Echols*, for appellees.

OPINION BY HEAD, J., July 14, 1921:

In 1884 Eunice Ward and John P. Ward, her husband, divided a certain tract of land in Erie County, then owned by them, and conveyed the two portions as follows:

1. To Edward W. Ward a portion described by courses and distances containing 10.5 acres. In that conveyance we find the following reservation or exception, to wit: "Reserving and excepting out of the land hereby conveyed such reasonable rights of way for teams and wagons over and across said land as will enable the owner of the land lying next adjacent on the west, which has this day been conveyed by the parties hereto to Frank M. Ward, to pass from the Lake Road to the land north of a certain ravine passing through said land,

doing as little damage and inconvenience to the land herein conveyed as is consistent with the beneficial enjoyment of the right of way hereby reserved." The plaintiffs have succeeded to the title to this portion of the land.

2. At the same time a deed for the remaining portion was made and delivered to Frank M. Ward, in which deed we find the following language creating a servitude in favor of this part of the original tract to be borne by that just hereinbefore referred to: "Together with such reasonable right of way for teams and wagons over and across the adjacent land on the east this day conveyed to Edward W. Ward as will enable the party of the second part, his heirs and assigns, to avoid a certain ravine," etc. Later on, smaller parts of this last described tract were conveyed by the said Frank M. Ward to several other persons, the respondents in the present bill. The object of the bill filed in the court below by the plaintiffs was to restrain the use of the said way to the grantee named in the deed of 1884 as if the easement thereby created was but an easement in gross. If that contention failed, they based their right to an injunction upon the further ground that the use of the way was to be confined strictly to "teams and wagons" on the theory that the use of said way by automobiles amounted to a surcharge of the easement.

I. It needs but a glance at the language of the grant in the one deed and the reservation in the other, both of which must be read together, to determine that it would be doing violence to the expressed intention of the original grantor to uphold the theory that the easement created was an easement in gross to be enjoyed only by the person of the grantee named. In the reservation quoted it is expressly declared that the servitude therein imposed upon the land conveyed was for the benefit of "the owner of the land lying next adjacent on the west." In the conveyance to Frank M. Ward the easement created, as therein described, was to be such "as will enable the

party of the second part, his heirs and assigns, to avoid a certain ravine," etc.   No argument is needed to support the conclusion that on this branch of the case the contention of the appellants must fail and that the court below was right in dismissing the bill.

II. The learned judge below found in his tenth finding of fact, "This road, constituting the right of way, has been used by respondents, not only by means of teams and wagons but since 1905 or 1906 by automobiles, and without objection on the part of the complainants until shortly before this bill was filed."   We can do little more than quote with approval the following excerpt from the opinion filed by the chancellor: "This grant was not for a lifetime nor for a term of years but for all time; and although stated as a right of way for 'teams and wagons,' it is inconceivable that the right to use the way should cease to exist if, in the development of the means of transportation, teams and wagons should be wholly supplanted by another although similar type of vehicle, provided, of course, the easement continued to be used as originally contemplated, i. e., as a roadway. A wagon has been defined as a vehicle moving on wheels and usually drawn by horses.   The word wagon is a generic term and includes other species of vehicle by whatever name they may be called.   An automobile is a vehicle propelled by power generated within itself, used to convey passengers or materials, and in a general sense is a wagon."

That this was a correct conclusion has been determined by the courts of many states.   It is well expressed in the opinion of Vice Chancellor Walker in Trenton v. Toman, 74 N. J. Equity 702; 70 Atl. Rep. 606.   In that case the grant creating the easement used the expression "carriage way" and it was sought to restrain the use to horse-drawn vehicles and deny, to the owner of the dominant tenement, the right to traverse the way with automobiles.   Said the learned chancellor, "No particular kind of carriage or wagon is mentioned.   Al-

though automobiles had not been invented at the time the easement was created, yet the language of the grant is unrestricted and can be held to include any vehicle on wheels then or thereafter used. 'A carriage is defined to be that which carries, especially on wheels, a vehicle.'" Many cases are therein cited. The doctrine is approved in the case of Grosier v. Schack, 213 Mass. 253. It was recognized in a well-reasoned opinion delivered by Judge FRAZER, while presiding in the Common Pleas of Allegheny County, Com. v. Hawkins, 14 Dist. Rep. 592. Indeed, according to our examination of the question, we are not going too far when we say the authorities are practically uniform. When we consider that the language of the grant is to be taken most strongly against the grantor, there appears to remain no support whatever for the contrary construction.

The assignments of error are overruled.

Decree affirmed.