FERDINAND J. LANDWEHR, Administrator, *v.* CONTINENTAL LIFE INSURANCE COMPANY.
[No. 21, April Term, 1930.]

*Decided June 10th, 1930.*

The cause was argued before Bond, C. J., Pattison, Urner, Adkins, Offutt, Digges, Parke, and Sloan, JJ.

*J. Louis Raap,* with whom was *William S. Thomas* on the brief, for the appellant.

*Gaylord Lee Clark,* with whom were *Semmes, Bowen & Semmes* on the brief, for the appellee.

Sloan, J., delivered the opinion of the Court.

The appellant brought suit against the appellee on an accident insurance policy issued by the appellee to Lawrence Landwehr, who was killed while riding in a side car attached to a motorcycle.

The declaration contained six common or money counts, and one (seventh) special count declaring on the insurance policy. The defendant filed the general issue pleas to the first six counts and demurred to the seventh; the demurrer was sustained, and the defendant allowed fifteen days to amend. No amendment having been made to the seventh count, the defendant (appellee) filed a petition for leave to withdraw its pleas to the first six or common counts of the declaration and asked a rule bill of particulars, which was granted. Thereupon the plaintiff (appellant) filed a bill of particulars, which was a repetition of the facts alleged in the seventh count of the declaration. The appellee excepted to the bill of particulars on the ground that its legal sufficiency had already been determined on the demurrer to the seventh count of the declaration, and its exceptions were sustained. The appellant then, on leave granted, amended its declaration by withdrawing the first six, or common counts. The appellee then moved for judgment of *non pros.* for failure of the appellant to file an amended declaration, and a *non pros.* was granted and a judgment entered for defendant for costs.

The demurrer had been sustained with fifteen days leave to amend on April 2nd, 1929, and nothing was done with respect to it until the appellee's motion for a *non pros.* on February 5th, 1930, which was granted the same day.

The appellee has filed a motion to dismiss the appeal to this court for the reason that the only question on appeal is the demurrer to the seventh count of the declaration, and that it has been out of the case since the expiration of the fifteen days leave to amend. This is true so far as the seventh count may have been involved in the case, but time did not begin to run against it until there was a final judgment. If the case had gone to trial on the first six counts and a judgment entered on a verdict, the demurrer would still

have been open to review before this court. Code, art. 75, sec. 10; 1 *Poe, Pl. & Pr.*, sec. 710; 2 *Poe, Pl. & Pr.*, secs. 591, 826; *Emersonian Apartments v. Taylor*, 132 Md. 209. Where, however, the only judgment in the case is the judgment on demurrer, then "the time for the appeal is counted from the judgment on the demurrer and not from the ruling of the court; and that the judgment on demurrer was an adverse determination of appellant's suit from which he had the right of appeal." *State, use of Brooks, v. Fidelity & Dep. Co.*, 147 Md. 194; *Emersonian Apartments v. Taylor*, 132 Md. 210, 215; *State v. Jenkins*, 70 Md. 472, 479. The appeal in this case was taken from a judgment of *non pros.* and a judgment for the defendant for costs, and there being no other issue after the abandonment of the first six counts of the declaration, the judgment so entered was final and one from which an appeal will lie. *Henderson v. Maryland Home Ins. Co.*, 90 Md. 52; *Rutledge v. McAfee*, 72 Md. 32; *Gittings v. State*, 33 Md. 461; *Emersonian Apartments v. Taylor, supra; Stabile v. Danini*, 132 Md. 567; *State, use of Brooks v. Fidelity & Dep. Co.*, 147 Md. 194, 195. The motion for dismissal of the appeal will therefore be denied.

This is a suit brought by Ferdinand J. Landwehr, administrator *de bonis non* of the estate of Lawrence B. Landwehr, deceased, against the Continental Life Insurance Company on an accident insurance policy issued by the latter to Lawrence B. Landwehr on September 23, 1926, to recover the death benefits of the insured who came to his death by accident on the 6th day of September, 1928, while riding in a side car attached to a motorcycle owned and being driven by one William Leek. The policy provided for the payment of compensation or benefits in case the insured was injured or came to his death "By the wrecking or disablement of any Private Automobile, Motor Driven Car, or Horse Drawn Vehicle of the exclusively pleasure type, in which the member (insured) is riding or driving, or by being accidentally thrown from such wrecked or disabled automobile, car or vehicle."

The appellant contends that the vehicles known as automobiles and motor driven cars include motorcycles, and because the trial court disagreed with such a construction of the contract of insurance this appeal is taken.

The question involved in this appeal has not been before this court, but substantially the same form of policy was construed in *LaPorte v. North American Accident Insurance Co.,* 161 La. 933; *Salo v. North American Accident Ins. Co.,* 257 Mass. 303; *Perry v. North American Accident Ins. Co.,* 104 N. J. L. 117; *Colyer v. North American Accident Ins. Co.,* 230 N. Y. Supp. 473; *Anderson v. Life & Casualty Co. of Tenn.,* 197 N. C. 72. In *Salo v. North American Accident Insurance Company, supra,* the court said: "It is a matter of common knowledge that in ordinary conversation a motorcycle is not referred to as a 'car,' but is spoken of as a 'motorcycle.' The term 'motor driven car' as used in the policy, while applicable to an automobile, is not appropriate to describe a motorcycle." In *LaPorte v. North American Accident Ins. Co., supra,* which was followed in all the other cases above cited, it was said: "A motorcycle is not known as a 'motor driven car' or as a 'motor car' in the general or popular sense of that term," and it is with this construction of the contract that we agree.

The appellant has called to the attention of the court but one case to the contrary, that of *Bolt v. Life & Casualty Ins. Co. of Tenn.,* 156 S. C. 117, wherein the majority opinion recognizes the weight of authority as evidenced by the cases herein cited to be against its opinion and said that, while they "are from courts that are highly respected for their wisdom and learning, they are not in accord with my views, however, and this court is not bound by them." The opinion seemed to be predicated on the rule of construction of life insurance contracts generally in that state that "where insurer writes a policy of life insurance it should be read most strongly against it."

In this state the rule of construction as stated by Judge Digges in *Frontier Mortgage Co. v. Heft,* 146 Md. 1, 12, is: "A policy of insurance and every clause and part thereof is

the contract, and, like all contracts, should be construed so as to effectuate the real purpose and intention of the parties, giving to the language employed, when unambiguous, its ordinary and usually accepted meaning," and, "The rule accepted in some jurisdictions that insurance contracts are to be construed most strongly against the insurer, has been distinctly repudiated by this court and the sounder view that the intention of the parties, as gathered from the whole instrument, now prevails. * * * The law presumes the insurer and the insured understood their contract as executed and that every intelligible condition included therein was inserted by design and intended to accomplish some material purpose. It is the duty of the court to construe the clear and plain terms and conditions of the policy according to their true meaning, without regard to whether such construction will result in hardship (or disappointment) to one or the other of the parties." *Brownstein v. New York Life Ins. Co.,* 158 Md. 51; *Agricultural Ins. Co. v. Hamilton,* 86 Md. 88.

When the insured purchased the policy sued on he paid for the risk of injury which might be caused by "the wrecking or disablement of any private automobile, motor-driven car, or horse drawn vehicle" of the exclusively pleasure type, in which 'he at the time might be 'riding or driving' or from which he might be 'accidentally thrown.' " He knew and understood what persons generally knew and understood—that an automobile or car was not a motorcycle. To include the riding of a motorcycle in the terms of the policy is to import into it by implication and construction a vehicle or risk which the parties could not have intended if they read the policy. We can not re-write the policy and put into it terms, conditions and provisions which are not there, but must take it as we find it; and, "when the terms of a contract are clear and unambiguous courts have no right to make new contracts for the parties, or to ignore those already made by them simply to avoid seeming hardships." *Joffe v. Niagara Fire Ins. Co.,* 116 Md. 155, 160; *Miller v. Home Ins. Co.,* 127 Md. 140, 146; *London etc. Indemnity Co. v. Cosgriff,* 144 Md. 660, 667; *Frontier Mortgage Co. v. Heft, supra.*

The appellant argues that the Legislature (Code, art. 56, sec. 180), with the exception of all vehicles running on rails, classifies all vehicles propelled otherwise than by muscular power as motor drawn vehicles, and that therefore any one of them includes all of them. This is true as to all violations of the law against operating without a license, fast and reckless driving, etc., but for license purposes it does provide a different classification (section 182), by requiring a license fee rated according to horse power for any "motor vehicle" equipped with pneumatic tires, and a rate based on carrying capacity "for each motor vehicle equipped with solid tires"; and a flat rate of five dollars ($5.00) per annum for each "motorcycle." Acts of 1929, ch. 407. Prior to the Act of 1929 there was a charge of three dollars ($3.00) per annum (eliminated by the Act of 1929) for each side car attached to a "motorcycle," so that it is apparent that the Legislature did not treat automobiles, motor cars, motor trucks and motorcycles as synonymous except as to the violations of the criminal sections of the statutes and there designated only as "motor vehicles."

It is our opinion that the policy sued on did not contemplate accidents suffered by policyholders while riding on a motorcycle which, with or without a sidecar, is still a motorcycle, and the judgment appealed from will be affirmed.

*Judgment affirmed, with costs.*