**CITY OF CAPE GIRARDEAU, a Municipal Corporation, Appellant,**

**v.**

**HARRIS TRUCK AND TRAILER SALES, INC., and Wiethop Truck Sales, Inc., Respondents.**

**No. 58685.**

Supreme Court of Missouri, Division No. 1.

April 14, 1975.

Thomas M. Utterback, City Atty., Cape Girardeau, for appellant.

Joseph J. Russell, Limbaugh, Limbaugh & Russell, Cape Girardeau, Walter S. Drusch, Jr., Spradling, Drusch & Dillard, Cape Girardeau, for respondents.

LAURANCE M. HYDE, Special Commissioner.

■ Action by the City to collect a gross sales license tax from defendants. Motions of defendants to dismiss were sustained and the city has appealed. We have jurisdiction because construction of the revenue laws of this State is involved. See Petrolene, Inc. v. City of Arnold, 515 S.W.2d 551 (Mo.1974). We affirm.

Section 71.610 requires power of a city to impose a license tax on any business avocation, pursuit or calling to be specifically named as taxable in its charter or conferred by statute. Section 94.110 specifies the businesses upon which a third class city may levy and collect a license tax. The issue in this case is whether the city may levy and collect a license tax on defendants on the sale of "Trucks, Tractors, Tractor Trailers and accessories for these types of vehicles and other Merchandise," which is the description of defendants' business stated in the city's petition.

Section 94.110 provides: "authority to levy and collect a license tax on * * * automobile agents and dealers, automobile accessory dealers." The city ordinance involved, using substantially these statutory terms, levied a license tax on "auto accessories dealer, automobile agency, automobile dealer." Plaintiff states each of the defendants are "in the business of selling trucks, tractor trailers and accessories for these types of vehicles and other merchandise at retail."

Section 94.110 (§ 4863, RS 1879) was originally enacted in 1877 and of course then made no reference to automobile dealers. In fact only a few of the businesses now included in § 94.110 were then specified. In 1917, a new statute, Laws 1917, p. 373, amending this statute, then § 9253, RS 1909, was enacted to authorize collection of a license tax on many more businesses and occupations and for the first time included "automobile agents and dealers, and automobile accessory dealers." Defendants contend this did not authorize imposing a license tax on them. They point out that neither this provision of § 94.110 nor the City ordinance mentions "truck dealers," "tractor dealers," or "tractor trailer dealers." Defendants also show that the statute does recognize and distinguish between trucks and automobiles because it authorizes a license tax on "delivery trucks," "ice trucks" and "transfer trucks." In Petrolene, Inc. v. City of Arnold, 515 S.W.2d 551, 553 (Mo.1974), we held that "licensing authority granted * * * is to be strictly construed against the city" citing Siemens v. Shreeve, 317 Mo. 736, 296 S.W. 415 (banc 1927); City of Odessa v. Borgic, 456 S.W.2d 611 (Mo.App.1970); and 71 Am.Jur.2d, State and Local Taxation § 87, p. 410.

The City cites several cases from other states. Bonds v. State, 16 Ga.App. 401, 85

S.E. 629 (1915), cited, construed a statute regulating the running of automobiles, locomobiles and "other vehicles and conveyances of like character, propelled by steam, gas, gasoline, electricity, or any power other than muscular power" to include motorcycles. It was held that motorcycles were vehicles of like character and were included. However, we have no such broad language in the statute herein involved. The City also cites Bethlehem Motors Corporation v. Flynt, 178 N.C. 399, 100 S.E. 693 (1919), which involved a state tax on manufacturers of automobiles brought into the state. The Court held "motor trucks" were included. Kellaher v. City of Portland, 57 Or. 575, 112 P. 1076 (1911), cited, held void a city tax on vehicles including " 'automobile or other vehicle, which shall be used for the conveyance' of persons, goods or for any other business." The court said: "Objection is also made that the ordinance does not include auto trucks used for hire or without hire, but we think the term 'automobile' is sufficiently comprehensive to include them." It would seem more reasonable to hold that the first above quoted language ("other vehicle" etc.) included them. In State v. Freels, 136 Tenn. 483, 190 S.W. 454 (1916), cited by the City, it was held the title to a legislative act referring only to "automobiles" was sufficient for the constitutionality of a statute regulating "the operation of any automobile, locomobile, motorcycle, or any other vehicle of like character." Two Wisconsin cases, Wiese v. Polzer, 212 Wis. 337, 248 N.W. 113 (1933), and Nelson v. Ohio Casualty Ins. Co., 29 Wis.2d 315, 139 N.W.2d 33 (1966), are also cited. Wiese involved a statute prohibiting riding on a fender and Nelson involved an action on an insurance policy. These cases involved state statutes and in all but Freels, supra, involved the interpretation of broader language than that used in § 94.110. They did not involve statutes authorizing city license taxes which as hereinabove stated we have held are to be strictly construed against the City.

It is said 7 Am.Jur.2d, Automobiles and Highway Traffic § 1, p. 599, that "for many purposes the courts have recognized the use of the word 'automobiles' in a particular sense as inclusive of only such motor vehicles as are intended for the carriage of persons only"; and that "These courts have held the term 'motor vehicle' to be different from and broader than the term 'automobile.' " We so held in State v. Ridinger, 364 Mo. 684, 266 S.W.2d 626, 631, 42 A.L.R.2d 617 (1954), saying: "The term 'motor vehicle' is different from and is broader than the word automobile." See also Jernigan v. Hanover Fire Ins. Co. of New York, 235 N.C. 334, 69 S.E.2d 847 (1952); Paetz v. London Guarantee & Accident Co., 228 Mo.App. 564, 71 S.W.2d 826 (1934); and La Fon v. Continental Casualty Co., 241 Mo.App. 802, 259 S.W.2d 425 (1953). Webster's Third New International Dictionary 1961 states the usual definition of automobile to be "4-wheeled automotive vehicle designed for passenger transportation on streets and roadways and commonly propelled by an internal combustion engine using a volatile fuel (as gasoline)." Section 303.020(5), RSMo 1969, V.A.M.S., of our Motor Vehicle Safety Responsibility Law uses the term "motor vehicle" which it defines as "a self-propelled vehicle which is designed for use upon a highway, including trailers designed for use with such vehicles" stating some exceptions not applicable here. Thus when this Safety Responsibility Law was adopted the designation "motor vehicle" was used by our Legislature as a broader term than "automobile."

■ Considering the time (1917) this statute (§ 94.110) was amended to include authorization for taxation of dealers in automobiles, the usual meaning of the word "automobile," the specification in the statute of the term "trucks" where certain kinds of trucks are included and the use of the term "motor vehicle" in our Motor Vehicle Safety Responsibility Law in order to include more than automobiles for passen-

ger transportation, we hold that § 94.110 did not authorize the City to impose a license tax on defendant dealers.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by LAURANCE M. HYDE, Special Commissioner, is adopted as the opinion of the court. All of the judges concur.