Kelly, J.
(concurring in part and dissenting in parí). I disagree with the majority’s construction of the term “motor vehicle” and would hold that a forklift truck falls within the motor vehicle exception to governmental immunity, MCL 691.1405. I would reverse the Court of Appeals conclusion to the contrary and therefore must dissent. In all other respects, I concur with the majority opinion.
Two basic maxims of statutory construction collide in this case. The words in a statute must be given their ordinary meaning according to common usage. Western Michigan Univ Bd of Control v Michigan, 455 Mich 531, 539; 565 NW2d 828 (1997); Tryc v Michigan Veterans’ Facility, 451 Mich 129, 135-136; 545 NW2d 642 (1996). At the same time, certain statutes, such as the exception to governmental immunity, must be narrowly construed. See Nawrocki v Macomb Co Rd Comm, 463 Mich 143, 158; 615 NW2d 702 (2000). Neither rule predominates, and this Court has not established a methodology for applying both to the same statute.
When the two principles of statutory construction are properly applied, neither should be rendered nugatory. Thus, although care must be taken not to apply an expansive meaning to “motor vehicle,” we must ensure that the term is not given too narrow a meaning, thereby departing from its commonly under *622 stood meaning. I believe that happened in this case. By narrowly construing MCL 691.1405, the majority improperly departs from the ordinary meaning of the term “motor vehicle.”
It considers the dictionary definition of “motor vehicle” and recognizes that dictionaries vary in the definition. It settles on Webster’s definition: “an automobile, truck, bus, or similar motor-driven conveyance.” It reads this definition as excluding a forklift truck. However, if one examines the definition of “vehicle,” one finds that the notion of a “motor vehicle” is more broad. Webster’s defines “vehicle” as “any means in or by which someone or something is carried or conveyed; means of conveyance or transport: a motor vehicle.” I believe that this suggests that a forklift truck is commonly understood to be a motor vehicle.
Moreover, the majority begs the question what “motor-driven conveyance” is “similar” to an automobile, truck or bus, if not a forklift. One may read together Webster’s definition with The American Heritage Dictionary definition, rejected as overly broad by the majority. Then, a “motor vehicle” is “any self-propelled, wheeled conveyance that does not run on rails.” It appears that the factor that makes nonautomobiles “similar” to automobiles, cars, and trucks, is that they have wheels and are designed to transport something on a road. Thus, I believe that the commonly understood meaning of the term “motor vehicle” is any self-propelled device that is used to transport someone or something on a road.
This Court came to the same conclusion when it considered the term “motor vehicle” in the context of *623 the civil liability act.[1] At that time, the Court determined that the term included a front-end loader, a machine strikingly similar to a forklift. See Mull v Equitable Life Assur Soc, 444 Mich 508, 514-519; 510 NW2d 184 (1994). Most significantly, this Court recognized that the term “motor vehicle” has a broader meaning than “automobile,” stating that “[i]t is a generic term for all classes of self-propelled vehicles not operated on stationary rails or tracks.” Id. at 515, citing Jernigan v Hanover Fire Ins Co of New York, 235 NC 334, 335-336; 69 SE2d 847 (1952). I believe that this Court was correct to recognize a difference in meaning between “motor vehicle” and “automobile,” a distinction that is ignored in the majority opinion.
The majority departs from the commonly understood meaning of “motor vehicle” when it applies to MCL 691.1405 a narrow definition of the term in an attempt to narrowly construe the statute. Under the majority’s construction, MCL 691.1405 becomes the automobile exception, rather than the motor vehicle exception. The most plain meaning of the term “motor vehicle” includes any self-propelled vehicle used to transport materials on a road and is not limited to automobiles. Because a forklift truck is indisputably a self-propelled vehicle driven on a road to transport materials, I would conclude that it is a motor vehicle within the meaning of MCL 691.1405. I believe that plaintiff is entitled to bring a cause of action for the negligent operation of a forklift truck and that it should survive a governmental immunity challenge.

 MCL 257.401 et seq.