IN RE DRAINAGE OF AHOSKIE CREEK AND ITS TRIBUTARIES, WHITE OAK SWAMP, KNEE BRANCH, TURKEY CREEK, FORT BRANCH, TURKEY BRANCH, MILL BRANCH, PEGGY BRANCH, OTHER TRIBUTARIES, AND LANDS ADJACENT THERETO.

(Filed 4 March 1964.)

**Appeal and Error § 3;    Drainage § 7—**

There is no statutory provision for appeal by a drainage district from order of the clerk allowing specified sums to landowners for easements taken for rights of way; G.S. 156-70.1 provides for appeal only on the part of landowners.

APPEAL by Bertie, Hertford, Northampton Drainage District No. 1 (drainage district) from *Parker, J.,* September 4, 1963, Civil Session of BERTIE.

The drainage district was established February 9, 1961, by order of the Clerk of Superior Court of Bertie County. See *In re Drainage,* 257 N.C. 337, 125 S.E. 2d 908.

By notices mailed June 27, 1961, the landowners were notified as to the areas over which the drainage district had acquired rights of way. In apt time, North Carolina Pulp Company (predecessor in title of Weyerhaeuser Company) filed claims for compensation. Upon denial of their claims by the board of viewers, the claimants excepted and appealed to the said clerk. Pursuant to claimants' appeal, a hearing was conducted by the clerk on July 20, 1961. Evidence was offered as to the value of the timber and land embraced in Tract 181 (2.26 acres) and in Tract 273 (7.68 acres).

On August 24, 1961, the clerk entered an order which, after recitals, provided: "That the claimants have and recover of the Drainage District the sum of $75.00 an acre for 2.26 acres, aggregating $169.50, and that the claimants have and recover of the Drainage District the sum of $200.00 per acre for 7.68 acres, aggregating $1536.00, that the foregoing amounts are adjudged to be the fair and reasonable value of the land rights of way, and the Drainage District is required to compensate the claimants according to this judgment. Let the Drainage District pay the cost."

The drainage district filed no exceptions to the clerk's order but gave notice of appeal as follows: "Notice of appeal in open Court by the Drainage District to the Superior Court in the manner provided by law, and further notice waived."

When the matter came on for hearing in the superior court, Judge Parker, allowing claimants' motion therefor, disallowed the drainage district's purported appeal, affirmed the clerk's order of August 24, 1961,

and entered judgment in accord with the clerk's order of August 24, 1961. The drainage district excepted to the signing of said judgment and appealed.

*Frank M. Wooten, Jr., and Stuart A. Curtis for appellant..*
*Norman, Rodman & Hutchins for appellees.*

PER CURIAM. The drainage district bases its asserted right to appeal from the clerk's order of August 24, 1961, solely on the final paragraph of the statute codified (see 1963 Cumulative Supplement, also S.L. 1959, ch. 597) as G.S. 156-70.1, *viz.*: "If the board of viewers shall not approve said claim, the clerk of the superior court shall consider the claim and determine what in his opinion is a fair value and the amount so determined shall be shown in the said final report as amended and confirmed, by said adjudication. If landowner does not accept the value fixed by the clerk of the superior court, appeal may be had upon the question of value, to the superior court and such appeal shall follow the procedure provided in G.S. 156-75." The appeal referred to is by a landowner who "does not accept the value fixed by the clerk of the superior court." No provision is made for an appeal by the drainage district. It is not a landowner within the meaning of the quoted statutory provision. Since the drainage district had no right of appeal from the clerk's order of August 24, 1961, we do not consider whether its purported appeal complied with the procedural requirements of G.S. 156-75.

Affirmed.