IN THE MATTER OF: THE APPEAL OF CAROLINA QUALITY BLOCK COM-
PANY FROM THE VALUATION PLACED ON PROPERTY BY GUILFORD COUNTY.

(Filed 20 June, 1967.)

1. **Taxation § 25—**

 A truck comes under the generic term of motor vehicle, and under the provisions of G.S. 105-428, the National Market Report's Blue Book for Trucks may be used as a guide in ascertaining the tax valuation of trucks, either upon the theory that the Statute's specification of "Automobile Blue Book" is sufficiently broad to include the "Truck Blue Book" or that the Truck Blue Book is a "standard of value" which is reasonable, equitable and just within the purview of the statute. G.S. 105-294.

2. **Same—**

 When tax authorities use the "Truck Blue Book" as a guide in ascertaining the fair market value of a truck, they must assess the property for taxation at the same percentage of its fair value as is used in assessing all other property.

**3. Same—**

Tax authorities may not arbitrarily use the values set out in the "Truck Blue Book" in ascertaining the fair market value of trucks when the taxpayer introduces evidence of exceptional conditions affecting value. Therefore, where the taxpayer offers evidence that his trucks were constructed for a particular seasonal use and suffered depreciation equal to a full year in hard use during the season, such fact should be considered in ascertaining the fair market value of the trucks.

APPEAL by petitioner, Carolina Quality Block Company, from *Olive, E.J.,* 14 December 1966 Non-Jury Civil Term, GUILFORD County Superior Court, Greensboro Division.

On 1 April 1964 Carolina Quality Block Company bought six White trucks which were to be used as components of transit-mix concrete trucks. The cost of each truck was $16,000. For the tax year 1965, each of them was valued by the Guilford County Tax Department at $10,080. The trucks were not individually inspected and valued, but the figure used by the tax authorities was the finance value from the National Market Report (Truck Blue Book). The petitioner appealed this valuation in apt time to the Guilford County Board of Equalization and Review, then to the State Board of Assessment and to the Superior Court of Guilford County. Receiving no relief, the petitioner gave notice of appeal to the Supreme Court.

The petitioner alleges a nonobservance by the tax authorities of the following pertinent provisions of G.S. 105-294:

"All property, real and personal, shall as far as practicable be appraised or valued at its true value in money. The intent and purpose of this section is to have all property and subjects of taxation appraised at their true and actual value in money, in such manner as such property and subjects of taxation are usually sold, but not by forced sale thereof; and the words 'market value', 'true value', or 'cash value', whenever used in this chapter, shall be held to mean for the amount of cash or receivables the property and subjects can be transmuted into when sold in such manner as such property and subjects are usually sold.

"In the year in which a revaluation of real property, conducted in a county under the provisions of G.S. 105-278, is to take effect, and annually thereafter, the board of county commissioners shall select and adopt some uniform percentage of the amount at which property has been appraised as the value to be used in taxing property.

"The percentage or assessment ratio selected shall be applied to the appraised value of all real and personal property subject

to assessment in the county. The tax records of the county shall show for all property both the appraisal value and the assessed value for tax purposes. Taxes levied by all counties, municipalities, and other local taxing authorities shall be levied uniformly on assessments so determined."

The petitioner alleges that the statute is mandatory, and that in failing to give an individual valuation and appraisal to each of its trucks, its property has been taken without due process of law. It further contends that under this procedure it has not had the benefit of the "assessment ratio" provided by the statute, and that under proper procedure the assessed value of its trucks should not exceed $8,176 each.

The position of Guilford County is that the statute is merely directory and that the use of the Blue Book is practical, convenient and tends to uniformity. It further says that to require the taxing authorities to inspect and value each truck in Guilford County would be an impossible and burdensome task, and that since all trucks are valued under the Truck Blue Book, there has been no discrimination or disadvantage to the petitioner.

*York, Boyd & Flynn by David I. Smith, Attorneys for Carolina Quality Block Company, Appealing Taxpayer-Petitioner.*

*Ralph A. Walker, Attorney for Guilford County, Respondent-Appellee.*

PLESS, J. Although no reference is made to it in the briefs, we find that there has been in existence since 1931 the following statute:

"G.S. § 105-428. *Basis of tax valuation.* — All motor vehicles shall be valued or appraised for purposes of taxation upon the rule or standard of valuation established by "The Automobile Blue Book," or any other standard of value which may be reasonable, equitable and just."

The succeeding statute provides that it shall apply to many counties, including Guilford. Apparently this statute was not known to the Tax Department of Guilford County since in the testimony of Mr. C. R. Brooks, Tax Supervisor of Guilford County, he stated "The statute neither authorizes any blue book or red book or anything as set out in any blue book or red book, neither does it prohibit the use of any blue book or red book."

Throughout the record and the evidence, the articles in question are described as "White trucks" which were to be used as com-

ponents of transit-mix concrete trucks. The "all motor vehicles" referred to in the statute includes trucks.

Ervin, J., speaking for the Court, in *Jernigan v. Insurance Co.*, 235 N.C. 334, 69 S.E. 2d 847, stated:

> "Common usage has made the words motor vehicle a generic term for all classes of self-propelled vehicles not operating on stationary rails or tracks. As a result, all automobiles are motor vehicles. *Motors Corp. v. Flynt*, 178 N.C. 399, 100 S.E. 693. But the contrary proposition is not true. The term motor vehicle is much broader than the word automobile, and includes various vehicles which cannot be classified as automobiles. 60 C.J.S., Motor Vehicles, section 1."

And when the statute provides that they shall be valued "upon the rule or standard of valuation established by 'The Automobile Blue Book,' *or any other standard of value* which may be reasonable, equitable and just," it would follow, at least by analogy, that the use of the "Truck Blue Book" would be permissible-either upon the theory that the term "Automobile Blue Book" is sufficiently broad to include the Truck Blue Book *or that the Truck Blue Book is* "a standard of value" which may be reasonable, equitable and just.

The evidence of Mr. Brooks was that the Truck Blue Book gave three figures as to each model and type of truck. The first was the cost, the second was the retail value, and the third was the finance value. The retail value was just a few percentage points less than the cost, but the finance value was approximately two-thirds of the cost.

He further said that "When a person lists his taxes (for cars), the appraised value is the average retail price published in National Market Report's red book for cars. The blue book is for trucks. We do not then set a ratio at 70%. We use the average finance value from the book, which is 66⅔% of that average retail value."

He said that before the County had obtained positive identification of the model trucks they had assessed them at 70% of the purchase price, which is $11,200. The taxpayer complained and furnished information as to the exact model, and the County then turned to the Blue Book in which a retail value was given of $15,120. The finance value was shown as two-thirds of that amount, which is $10,080, and this is the figure from which the petitioner appealed.

The evidence of the petitioner was to the effect that these trucks had been purchased on April 1, 1964 and put into immediate use; that the nine months of 1964 which comprised the building period was approximately the same as twelve months' use. During the

winter months there is little occasion for their operation. It also offered evidence tending to show by one witness that their value after this use would be 73% of the purchase price; while another fixed it at 60%. As a practical matter, had the valuation been based upon the finance value of the Blue Book at two-thirds of their cost, or of 73% or 60% as stated by the petitioner's witness, it would have little cause to complain. However, the County did not apply the 70% assessment ratio as required by G.S. 105-294.

The task of examining and appraising each of the thousands of trucks and cars in Guilford County would be almost impossible. To avoid this, the County is justified in using some recognized dependable and uniform method of valuing them. There is no "the" Blue Book nor a "the" Red Book, any more than there is a "the" Almanac, but the authorities may use this type publication as a guide, and in the absence of merited complaint adopt figures given by the publication as valuations which would be subject to the assessment ratio. But we know that not all 1964 Buicks, for instance, are of the same value. One may have been driven 200,000 miles and be almost worn out while another had been carefully driven for only 6,000 or 8,000 miles. One may be wrecked and damaged almost to the extent of uselessness, in which event the taxpayer would be entitled to some consideration. And the owner making such a showing should not be taxed upon the arbitrary valuation placed in a publication giving no consideration to the condition of the article.

For the reasons stated, the judgment of the court below is vacated. The cause is remanded with direction that an order be entered setting aside the valuations made by the State Board of Assessment and remanding the proceeding to said Board for hearing *de novo* and findings on the basis of evidence then offered as provided in G.S. 105-294.

Error and remanded.