IN THE MATTER OF THE APPEAL OF DAVID E. BOSLEY FROM THE VALUATION PLACED ON PROPERTY BY PITT COUNTY FOR 1974

No. 753SC971

(Filed 19 May 1976)

1. **Taxation § 25— county property owner — standing to attack method of appraisal of household property**

Petitioner, a resident and property owner of Pitt County, had standing to attack broadly the percentage method of appraisal of household property in Pitt County. G.S. 105-322(g)(2).

2. **Taxation §§ 2, 25— household property — percentage method of appraisal — no improper classification of property**

The percentage method of appraisal of household personal property in Pitt County does not violate Art. V, Sec. 2(2) of the N. C. Constitution, since the percentage method of appraising household property is not a classification of this property separate and apart from other personal property, but is a method or formula for determining the "true value in money" of this kind of property.

3. **Taxation § 25— household property — percentage method of valuation — appraisal at market value requirement satisfied**

The percentage method of valuation of household personal property in Pitt County does not violate G.S. 105-283 and G.S. 105-317.1, which in substance provide that all property shall be appraised at market value, and that all the various factors which enter into the market value of property are to be considered by the assessors in determining this market value for tax purposes, since it is impossible to appraise each item of such property precisely at actual market value, and there may be variations from market value in appraisals of property for tax purposes if these variations, as in this case, are uniform.

4. **Taxation § 25— household property — frequency with which value dedermined**

Petitioner's contention that, because G.S. 105-285(d) and G.S. 105-286 require that the value of real property be determined only every eight years, the percentage method of appraisal of household property results in the determination of the value of personal property only every eight years in violation of G.S. 105-285(b) is without merit, since it is assumed that the taxing authority of Pitt County determined annually that the percentage method established as a result of a 1968 study was a reasonably accurate valuation of household property in the county until 1972, at which time another study was made to determine value of household property in the county.

APPEAL by petitioner from *Lanier, Judge.* Judgment entered 9 September 1975, Superior Court, PITT County. Heard in the Court of Appeals 16 March 1976.

In re Appeal of Bosley

In Pitt County household personal property is appraised in the following manner:

   a. The taxpayer is given a choice to accept as tax value of all his household personal property 10% of his residence tax value (less statutory exemptions) if he is a homeowner, or 120% of his annual rental paid (less statutory exemption) if he is a lessee.

   b. If the taxpayer chooses not to accept the percentages listed in "a." above as the tax value of his personal property, then he may ask that an "on the spot" appraisal be made of his household property.

Petitioner, a resident and property owner of Pitt County, did not accept the percentage valuation of his property, which amounted to $3,660, but received an on-site appraisal which amounted to the sum of $4,100.

In the proceeding petitioner does not seek relief regarding the valuation of his own property, but attacks the use of the percentage method of appraisal; he requests the removal of all illegally appraised household personal property from the tax lists or, in the alternative, to appraise all household personal property at its true value in money.

His petition was denied by the Pitt County Board of Equalization and Review on 3 June 1974; on appeal to the North Carolina Property Tax Commission the evidence tended to show that from a study made in 1968 by the Pitt County Tax Supervision and consultants it was determined that the average valuation by the owners of their household personal property was 14% of their residence value, that the value of some taxpayer's household personal property was above 14% and some below 14%. A new study in 1972 showed the average value of household personal property to be 10%. The 14% figure was reduced to 10% beginning with the tax year of 1973.

On 16 January 1975, the Property Tax Commission dismissed his appeal. Upon petition for review in the Superior Court under G.S. 143-306, *et seq.*, judgment was rendered affirming the ruling of the Tax Commission, and petitioner appeals.

---

**In re Appeal of Bosley**

---

*Attorney General Edmisten by Assistant Attorney General Myron C. Banks and Pitt County Attorney W. W. Speight, for respondent appellee.*

*Gaylord, Singleton & McNally by Danny D. McNally for petitioner appellant, David E. Bosley.*

CLARK, Judge.

Though petitioner's household personal property was valued for tax purposes by Pitt County under the percentage method of appraisal at $3,660 but was valued at $4,100 under an on-site appraisal made at his request, he does not contend that this property was appraised in excess of its "true value in money," the appraisal standard required by G.S. 105-283. Rather, he attacks the percentage method of appraisal on the following grounds: (1) that the method violates Article V, Sec. 2 (2) of the North Carolina Constitution because it results in an unauthorized classification of property by Pitt County and the taxation of a class of property by a non-uniform rule; and (2) that the method violates G.S. 105-283 because it does not appraise household personal property at its true value in money, and violates G.S. 105-317.1(a) because the assessors do not consider the factors therein listed in appraising this property.

[1] We consider first the standing of the petitioner to attack broadly the percentage method of appraisal of household personal property in Pitt County. G.S. 105-322(g)(2) provides:

> "On request, the board of equalization and review shall hear *any* taxpayer who owns or controls property taxable in the county with respect to the listing *or appraisal* of his property *or the property of others.*" (Emphasis added.)

In *King v. Baldwin,* 276 N.C. 316, 172 S.E. 2d 12 (1970), it was held that statutes (now G.S. 105-322(g)(2) and G.S. 105-324(b)) of the Machinery Act provide adequate means whereby the taxpayer may contest not only the valuation of his own property but also the entire tax list or assessment valuation. And see *In Re Valuation,* 282 N.C. 71, 191 S.E. 2d 692 (1972); *In re King,* 281 N.C. 533, 189 S.E. 2d 158 (1972).

We hold that petitioner has the right in this proceeding to attack the percentage method of appraisal of household property used in and by Pitt County.

[2] We turn now to the merits of petitioner's contention that the percentage method violates the following provision of North Carolina Constitution, Art. V, Sec. 2(2):

> "*Classification.* Only the General Assembly shall have the power to classify property for taxation, which power shall be exercised only on a State-wide basis. No class shall be taxed except by a uniform rule, and every classification shall be made by general law uniformly applicable in every county, city and town, and other local taxing unit of the State. The General Assembly's power to classify property shall not be delegated."

The fallacy in this position is that the percentage method of appraising household property is not a classification of this property separate and apart from other personal property, but is a method or formula for determining the "true value in money" of this kind of property. Appraising each item of household property would be an impossible task. There is some reasonable relationship between the value of a home and the value of the household property within. The percentage method is thus a reasonable one in accomplishing the object of determining the market value of household property. And petitioner's evidence that under the percentage method his household property was valued at $3,660 but was valued at $4,100 by the "on-site" appraisal does not establish that the percentage method of valuation results in household property being valued at less than market value in Pitt County, or that the method is arbitrary *per se.* The taxing authority of Pitt County concedes that the percentage method resulted in the household property of some taxpayers being appraised above and some below market value. The average percentage method value and the average market value of all household property in the county is approximately the same, and there is a reasonable relationship between the two among all taxpayers. We find no violation of this constitutional provision.

[3] Too, the petitioner contends that the percentage method of valuation violates G.S. 105-283 and G.S. 105-317.1. In substance these two statutes provide that all property shall be appraised at market value, and that all the various factors which enter into the market value of property are to be considered by the assessors in determining this market value for tax purposes. The difficulty of estimating the value of household property makes it impossible to appraise each item of such

property precisely at actual market value, and in construing the applicable provisions of the Machinery Act, we must assume that the legislature recognized this impossibility and did not intend an unjust or absurd result. *King v. Baldwin, supra.*

Equality of appraisal, with resulting equity in taxation, is fundamental in the Machinery Act. There may be reasonable variations from market value in appraisals of property for tax purposes if these variations are uniform. A uniform and dependable method of property appraisal which gives effect to the various factors that influence the market value of property and results in equitable taxation does not violate the appraisal provisions of the Machinery Act. See *In re Block Co.,* 270 N.C. 765, 155 S.E. 2d 263 (1967), and *In re Trucking Co.,* 281 N.C. 375, 189 S.E. 2d 194 (1972), which upheld the method of appraising motor vehicles by the "Blue Book" if the method was not used arbitrarily in ascertaining fair market value.

[4] Petitioner points out that G.S. 105-285 requires that the value of personal property be determined annually, but G.S. 105-285(d) and G.S. 105-286 require that the value of real property be determined every eight years; therefore, the percentage method of appraisal of household property results in the appraisal only every eight years in violation of G.S. 105-285. It is noted that the taxing authority in Pitt County made a study in 1968 which showed the value of household property to be 14% of the value of the taxpayers' residence and lot, and that four years later in 1972 a new study was made which determines the value of household property to be 10% of the value of such realty. Under these circumstances we must assume, nothing else appearing, that the taxing authority of Pitt County found no significant change in the household and home realty ratio during the period from 1968 to 1972 and determined annually that the percentage method established as a result of the 1968 study was a reasonably accurate valuation of household property in the county during this period. Ad valorem tax assessments are presumed to be correct, and when such assessments are challenged, the burden of proof is on the taxpayer to show that the assessment was erroneous. *In re Appeal of Amp, Inc.,* 287 N.C. 547, 215 S.E. 2d 752 (1975).

It would be meaningless to construe literally the applicable appraisal statutes of the Machinery Act. These statutes must be interpreted in the light of tax history and legislative purpose in formulating laws to guide local authority in the difficult

and complex problem of appraising property for tax purposes. We find in this case that Pitt County has adopted an appraisal method for household property which is equitable and with reasonable uniformity and accuracy reflects market value, and in so doing does not violate the applicable appraisal statutes.

The evidence and the findings fully support the conclusions of the State Board of Assessment and the judgment entered in Superior Court.

The judgment is

Affirmed.

Judges BRITT and PARKER concur.