IN THE MATTER OF THE APPEAL OF MESSRS. LINDSAY T. AND KEN-
NETH C. WAGSTAFF FROM THE VALUATION OF CERTAIN OF THEIR PROPERTY
BY THE PERSON COUNTY BOARD OF EQUALIZATION AND REVIEW FOR 1976

No. 7810SC889

(Filed 19 June 1979)

1. **Taxation § 25.4— ad valorem tax assessment—presumption of correctness**

Ad valorem tax assessments are presumed to be correct and in order to
rebut this presumption the taxpayer must show that either (1) an arbitrary
method of valuation was used, or (2) an illegal method of valuation was used
and the resulting assessment substantially exceeded the true value in money
of the property.

2. **Taxation § 25.4— ad valorem taxes—valuation of property—mass ap-
praisal—no arbitrary method**

The method used by a county in revaluation of real property for ad
valorem tax purposes was not arbitrary where the valuation was accomplished
by means of a mass appraisal with land being divided into categories and sub-
categories by soil quality related to location, then assigning a value range to
each subcategory by reference to recent sale prices of land, since G.S.
105-317(b)(1) clearly contemplates the use of a schedule for real estate valua-
tion, and the fact that independent valuations of each tract might be more
accurate than a mass appraisal does not make the county's method arbitrary;
furthermore, the fact that the expert who prepared the county's valuation
schedule had no personal knowledge of the county's soil classifications did not
render the schedule arbitrary, since the expert obtained a soil classification
map of the county from the ASCS office, the county agent helped him with
land classifications, and the expert himself inspected each of petitioners' tracts
of land before classifying them.

3. **Taxation § 25.4— ad valorem taxes—valuation of property—no illegal method**

Petitioners' contention that the valuation method chosen by a county to
revaluate all real property for ad valorem tax purposes was illegal because it
failed to take into account the ability of petitioners' property to produce in-
come was without merit.

APPEAL by taxpayers from *David I. Smith, Judge*. Order
dated 1 August 1978 in Superior Court, WAKE County. Heard in
the Court of Appeals 1 June 1979.

Pursuant to G.S. 105-286(a)(1), real property in Person County
was reappraised for tax purposes by the Person County Board of

Equalization and Review for 1976 (County Board). Petitioners appealed the County Board's appraisals of five tracts of their land to the Property Tax Commission sitting as the State Board of Equalization and Review (State Board), which upheld the county's valuations. Pursuant to G.S. 150A-43, petitioners then appealed to Superior Court, where the State Board's decision was affirmed. From the order of the Superior Court, petitioners appeal.

*Jackson & Hicks, by Alan S. Hicks, for petitioner appellants.*

*James W. Tolin, Jr. for respondent appellees.*

ARNOLD, Judge.

[1]   Ad valorem tax assessments are presumed to be correct, and in order to rebut this presumption the taxpayer must show that either (1) an arbitrary method of valuation was used, or (2) an illegal method of valuation was used *and* the resulting assessment substantially exceeded the true value in money of the property. *In re Appeal of Amp, Inc.*, 287 N.C. 547, 215 S.E. 2d 752 (1975). Petitioners first contend that the valuation method was arbitrary.

[2]   Steve Whitaker, who is stipulated to be an expert on ad valorem tax valuation of real property, testified before the State Board that he had supervised the 1976 Person County revaluation, which was done by mass appraisal. The valuation schedule required by G.S. 105-317(b)(1) was constructed by dividing the three large categories of cropland, permanent pasture, and woodland into sub-categories by soil quality (good, fair, poor) related to location (paved road, dirt road, rear), then assigning a value range to each sub-category by reference to recent sale prices of land, for example

Cropland

|            | Good      | Fair      | Poor      |
|------------|-----------|-----------|-----------|
| Paved Road | $550-600  | $500-550  | $450-500  |
| Dirt Road  | $500-550  | $450-500  | $400-450  |
| Rear       | $450-500  | $400-450  | $350-400  |

Additional values were added where appropriate for road frontage and crop allotments.

Actual appraisals were made by determining the soil quality of each particular parcel by reference to a 1974 soil classification map obtained from the ASCS office, and placing each parcel in

the appropriate sub-category. As required by G.S. 105-317(b)(2), each of petitioners' tracts was inspected by an appraiser.

Petitioners seek to show that this valuation method was arbitrary by the testimony of Jess Sweely, a realtor. Sweely inspected the tracts in a vehicle and on foot, checked for accuracy a soil map of the properties prepared in 1967 by the Soil Conservation Service, and reached an appraisal figure for the five tracts some $168,000 lower than the county's figure. Petitioners also testified that these tracts are hilly and rocky and the soil is shallow and not good for crops.

We find here no evidence of arbitrariness in the county's valuation method. G.S. 105-317(b)(1) clearly contemplates the use of a schedule for real estate valuation, and G.S. 105-283 requires only that "[a]ll property, real and personal, shall *as far as practicable* be appraised or valued at its true value in money." (Emphasis added.) Whitaker testified that mistakes will occur from time to time in a mass appraisal, but the fact that independent valuations of each tract might be more accurate than a mass appraisal does not make the county's method arbitrary. Considerations of practicality must enter into the choice of method. Nor have petitioners shown us that the county's valuation schedule was applied arbitrarily to their land.

Petitioners also argue that Person County's schedule was arbitrary because it was prepared and administered by Whitaker, who testified that he had no personal knowledge of Person County soil classifications. They rely upon *In Re Trucking Co.*, 281 N.C. 375, 189 S.E. 2d 194 (1972), in which the Court found an appraisal invalid as hearsay. That case is easily distinguishable from the one before us, however. In *Trucking Co.* the appraisers gave as the value of the property amounts given to them by third parties. Neither appraiser purported to have a basis for an opinion of his own as to the value of the property, and neither had inspected any of the property. Here, Whitaker testified that he obtained a soil classification map of the county from the ASCS office and that the County Agent helped him with land classifications because he was unfamiliar with the local types of soil. However, it was not a third party who established the values for the schedule sub-categories, and Whitaker testified that he himself inspected each of petitioners' tracts of land before it was classified. The

Court in *Trucking Co.*, holding that the appraisers could not give another's opinion as the value of the property, declined to find impropriety in using information obtained from others to assist in making appraisals. "[A]ppraisals are not required to be based upon evidence competent in a judicial proceeding." *Id.* at 389, 189 S.E. 2d at 203. We do not find the county's valuation method to be arbitrary upon this ground.

[3] Petitioners argue next that the valuation method chosen was illegal, because it failed to take into account the ability of the property to produce income. G.S. 105-317(a)(1) instructs the appraiser to consider, among other things, "adaptability for agricultural, timber-producing . . . or other uses; past income; [and] probable future income." Petitioners have not shown us how the county appraisal failed to take these factors into account. The record reveals that the county appraisers considered soil quality and whether the land was cropland, pasture, or woodland, and set varying land values on this basis. They also took into consideration that part of the land was swampland. We believe the potential uses and income of the land were adequately considered.

Finally, we find no merit in petitioners' argument that the record as a whole does not reveal competent, material and substantial evidence, as required by G.S. 150A-51(5), to support the county's valuation. The petitioners have failed to carry their burden of proof. Accordingly, the order of the Superior Court is

Affirmed.

Judges MARTIN (Robert M.) and ERWIN concur.