IN THE MATTER OF: THE APPEAL OF MORAVIAN HOME, INC. FROM THE DECISION OF THE FORSYTH COUNTY BOARD OF EQUALIZATION AND REVIEW FOR 1986

No. 8810PTC1311

(Filed 5 September 1989)

1. **Taxation § 25.11— county's appeal from County Board of Equalization and Review improper — county's appeal from Property Tax Commission proper**

    Even though respondent county could not appeal from the County Board of Equalization and Review to the North Carolina Property Tax Commission, respondent county's appeal from the decision of the Property Tax Commission to the Court of Appeals was authorized by N.C.G.S. § 105-345(b). Former N.C.G.S. § 105-324(b).

2. **Constitutional law § 4.1— constitutionality of tax statute— standing of county to raise**

    Respondent county did not have standing to raise the constitutionality of N.C.G.S. § 105-275(32), since it was not a member of the class subject to the alleged discrimination of the statute and the county was not the only party in a position to raise the constitutional question.

3. **Taxation § 25— home for elderly — exclusion from ad valorem taxation**

    The Property Tax Commission properly ruled that petitioner's property on which it operated a home for the elderly

IN RE APPEAL OF MORAVIAN HOME, INC.

[95 N.C. App. 324 (1989)]

should be excluded from ad valorem taxation, and sufficient evidence was presented to establish the statutorily required "active program to generate funds . . . to assist the home in serving persons who might not be able to reside at the home without financial assistance or subsidy" where there was testimony that petitioner had established an endowment fund to assist the indigent, actively solicited contributions to the fund, and designated Mother's Day as a day for each reporting church to seek contributions specifically for the endowment fund. N.C.G.S. § 105-275(32)(vi).

APPEAL by respondents from an order of the North Carolina Property Tax Commission entered 24 August 1988. Heard in the Court of Appeals 7 June 1989.

This is an appeal from the North Carolina Property Tax Commission (Commission) sitting as the State Board of Equalization and Review. Petitioner Moravian Home, Inc. (Moravian Home) is a non-profit corporation chartered under Chapter 55A of the General Statutes. On 12 June 1986 the Forsyth County Tax Assessor denied tax exempt status for ad valorem taxes in tax year 1986 on the property of Moravian Home. The Tax Assessor further advised Moravian Home that its property was subject to discovery for tax years 1981 through 1985. Moravian Home appealed the Tax Assessor's decision to the Forsyth County Board of Equalization and Review.

The Forsyth County Board of Equalization and Review unanimously voted to exempt Moravian Home's property from taxation except for certain duplex units and a proportionate allocation of land. Additionally, the Board determined that taxation should be limited to the 1986 tax year.

On 10 December 1986, pursuant to G.S. 105-324(b), Moravian Home filed a letter with the Clerk of the Board of Forsyth County Commissioners and the North Carolina Property Tax Commission appealing the decision of the Forsyth County Board of Equalization and Review for failure to exempt all of the property from taxation. On the same date W. Harvey Pardue, Tax Assessor for Forsyth County, also filed a notice of appeal with the Property Tax Commission. He asserted that the Board erred in holding that only certain portions of Moravian Home's property were taxable and in further holding that the property could not be taxed for years 1981 through 1985.

IN RE APPEAL OF MORAVIAN HOME, INC.

[95 N.C. App. 324 (1989)]

On 10 December 1987 Moravian Home moved to amend its application for hearing by stating an additional ground for appeal, i.e., that all of Moravian Home's real and personal property was exempt from taxation pursuant to G.S. 105-275(32). That statute which became effective 1 January 1987 provides that among the classes of property designated special classes under Article V, Section 2(2) of the North Carolina Constitution and exempt from taxation are included:

> (32) Real and personal property owned by a home for the aged, sick, or infirm, that is exempt from tax under Article 4 of this Chapter, and used in the operation of that home. The term "home for the aged, sick, or infirm" means a self-contained community that (i) is designed for elderly residents; (ii) operates a skilled nursing facility, an intermediate care facility, or a home for the aged; (iii) includes residential dwelling units, recreational facilities, and service facilities; (iv) the charter of which provides that in the event of dissolution, its assets will revert or be conveyed to an entity organized exclusively for charitable, educational, scientific, or religious purposes, and which qualifies as an exempt organization under Section 501(c)(3) of the Internal Revenue Code of 1986; (v) is owned, operated, and managed by one of the following entities:
>
> A. A congregation, parish, mission, synagogue, temple, or similar local unit of a church or religious body;
>
> B. A conference, association, division, presbytery, diocese, district, synod, or similar unit of a church or religious body;
>
> C. A Masonic organization whose property is excluded from taxation pursuant to G.S. 105-275(18); or
>
> D. A nonprofit corporation governed by a board of directors at least a majority of whose members elected for terms commencing on or before December 31, 1987, shall have been elected or confirmed by, and all of whose members elected for terms commencing after December 31, 1987, shall be selected by, one or more entities described in A., B., or C. of this subdivision, or organized for a religious purpose as defined in G.S. 105-278.3(d)(1); and
>
> (vi) has an active program to generate funds through one or more sources, such as gifts, grants, trusts, bequests, endowment, or an annual giving program, to assist the home in serv-

IN RE APPEAL OF MORAVIAN HOME, INC.

[95 N.C. App. 324 (1989)]

ing persons who might not be able to reside at the home without financial assistance or subsidy.

Moravian Home also moved for summary judgment claiming that its property should be excluded from ad valorem taxes for all years in dispute pursuant to the statute because the act, by its own terms, "also applies to prior tax years for which contested tax levy proceedings have not been finally determined as of the ratification of this act." N.C. Sess. Laws 1987, c. 356 s. 2. The act was ratified on 12 June 1987.

The matter was heard before the Property Tax Commission on 16 December 1987. The Commission first heard argument on Moravian Home's motions to amend and for summary judgment. After hearing argument the Commission reserved ruling on the motions and proceeded to the merits of the case. Moravian Home argued that pursuant to G.S. 105-275(32) its property was exempt from ad valorem taxes and, further, that Forsyth County did not have standing to raise any constitutional issues. Forsyth County argued that the statute violated the Establishment Clause, the Equal Protection Clause, and Art. I, section 19, and Art. V, section 2 of the North Carolina Constitution.

The Commission issued its final decision on 24 August 1988. The Commission allowed Moravian Home's motion to amend but denied its motion for summary judgment. No appeal was taken from these rulings. After making its findings of fact the Commission first concluded that it did not have the power to rule on the constitutionality of G.S. 105-275(32) and, accordingly, did not rule on the question of whether Forsyth County had standing to challenge the statute's constitutionality. Finally, the Commission determined that all of Moravian Home's property was exempt from taxation for all years in controversy. From the Property Tax Commission's decision, Forsyth County and its Tax Assessor appealed.

*Petree Stockton & Robinson, by Ralph M. Stockton, Jr., Daniel R. Taylor, Jr., and Robert H. Lesesne, for petitioner-appellee.*

*Jonathan V. Maxwell and P. Eugene Price, Jr. for respondent-appellants.*

*Keith S. Snyder and Hamlin L. Wade for Buncombe County and Mecklenburg County, amicus curiae.*

IN RE APPEAL OF MORAVIAN HOME, INC.

[95 N.C. App. 324 (1989)]

*Blanchard, Twiggs, Abrams & Strickland, by Charles F. Blanchard, for North Carolina Civil Liberties Union Legal Foundation, amicus curiae.*

*Turner, Enochs, Sparrow, Boone & Falk, by Charles B. Hahn, Thomas E. Cone, and Laurie S. Truesdell, for Homes for the Aged, amicus curiae.*

EAGLES, Judge.

[1] Respondents Forsyth County and its Tax Assessor, W. Harvey Pardue, appeal an administrative decision of the Property Tax Commission ruling that all of Moravian Home's real and personal property is exempt from ad valorem taxes.

G.S. 105-322 provides the mechanism by which a taxpayer may appeal the county tax assessor's listing and appraisal of its property to the County Board of Equalization and Review. In turn the county board's decisions may be appealed to the Property Tax Commission. *Brock v. Property Tax Comm.*, 290 N.C. 731, 228 S.E.2d 254 (1976). In the instant case the applicable statute governing procedure for appeals to the Commission is G.S. 105-324. We note that this statute was repealed effective 1 January 1988. The statute governing appeals to the Commission from a county board now in effect is G.S. 105-290(b). G.S. 105-324(b) provided, in part, that "[a]ny property owner of a county or member of the board of county commissioners or board of equalization and review may except to an order of the board of equalization and review entered under the provisions of G.S. 105-286, 105-287, 105-322, or 105-312 and appeal therefrom to the Property Tax Commission." G.S. 105-290(b) provides that "[a]ny property owner of the county may except to an order of the county board of equalization and review."

We note that no party has the right of appeal from an administrative agency's decision "unless the right is granted by statute." *In re Assessment of Sales Tax*, 259 N.C. 589, 592, 131 S.E.2d 441, 444 (1963). *See also In re Drainage*, 261 N.C. 407, 134 S.E.2d 642 (1964) (per curiam). Furthermore, compliance with the statutes governing appeals from administrative bodies are conditions precedent to our review. *In re Employment Security Com.*, 234 N.C. 651, 68 S.E.2d 311 (1951).

Here both Moravian Home, a property owner within Forsyth County, and W. Harvey Pardue, Tax Assessor, appealed to the

## IN RE APPEAL OF MORAVIAN HOME, INC.

[95 N.C. App. 324 (1989)]

Property Tax Commission. However, G.S. 105-324(b) allows only a "property owner of a county or member of the board of county commissioners or board of equalization and review" to appeal to the Commission. Mr. Pardue, the Tax Assessor, was not a member of the Board of County Commissioners or the Board of Equalization and Review. Accordingly, we hold that Forsyth County and its tax assessor could not appeal from the decision of its County Board of Tax Equalization and Review. Moravian Home was the only party here who could appeal the County Board's decision to the Property Tax Commission.

In appeals from decisions of the Property Tax Commission, G.S. 105-345(b) provides that "[a]ny party may appeal from all or any portion of any final order or decision of the [Property Tax] Commission in the manner herein provided." Accordingly, even though the County could not appeal to the Property Tax Commission, Forsyth County's appeal from the decision of the Property Tax Commission to the Court of Appeals is properly before us.

I

[2] Forsyth County first argues that G.S. 105-275(32) is unconstitutional on its face because it violates the First Amendment's Establishment Clause. We hold that Forsyth County does not have standing to raise constitutional issues in this proceeding. Accordingly, we need not discuss appellant's constitutional issues.

Our Supreme Court in *In re Appeal of Martin*, 286 N.C. 66, 75, 209 S.E.2d 766, 772 (1974), stated that in order to challenge the constitutionality of a tax statute, an appellant must be a "member of the class subject to the alleged discrimination." G.S. 105-275(32) exempts certain homes for aged, sick, or infirm from ad valorem taxation. The County is not a member of this classification.

The County also argues that it has standing because as in *State v. Mems*, 281 N.C. 658, 190 S.E.2d 164 (1972), the county is the only party in a position to raise the constitutional question. We disagree. There are other taxpayers within the state who are members of the affected class subject to the alleged discrimination who may still question the statute's validity. *Appeal of Martin* at 75, 209 S.E.2d at 773. Accordingly, we hold that Forsyth County does not have standing to question the constitutionality of G.S. 105-275(32).

Forsyth County argues that two cases subsequent to *Martin* have allowed a city and the state, respectively, to challenge the constitutionality of a statute. We find both cases, *Town of Emerald Isle v. State of N.C.*, 320 N.C. 640, 360 S.E.2d 756 (1987), and *In re University of North Carolina*, 300 N.C. 563, 268 S.E.2d 472 (1980), distinguishable.

The University of North Carolina and the State appealed the listing and assessment of certain property owned by the University in *In re University*. The question raised there was not, as here, whether the taxing statute was unconstitutional, but whether the North Carolina Constitution exempted from taxation real and personal property belonging to the University. The Supreme Court ruled that the Constitution expressly exempted state owned property from taxation. Here Moravian Home does not argue that its exemptions are based on our Constitution but argues that the General Statutes exempt its property.

The second case is also distinguishable. *Town of Emerald Isle*, relied on by Forsyth County, was a declaratory judgment action, not an administrative proceeding. There the Town of Emerald Isle brought a declaratory judgment action in superior court to determine the constitutionality of an act directing it and the Department of Natural Resources to acquire property near Bogue Inlet and provide public pedestrian access to the property. A declaratory judgment action is a proper method to question the construction or constitutionality of any statute. *Jernigan v. State*, 279 N.C. 556, 184 S.E.2d 259 (1971). The instant case arose through administrative agency appeals pursuant to Chapter 105 of the General Statutes.

## II

[3] Forsyth County next argues that the Commission's decision is not supported by substantial evidence. Specifically, the County claims that sufficient evidence was not presented to establish the statutorily required "active program to generate funds . . . to assist the home in serving persons who might not be able to reside at the home without financial assistance or subsidy." G.S. 105-275(32)(vi). We disagree.

G.S. 105-345.2 sets the standard for judicial review for appeals from the Property Tax Commission. *In re McElwee*, 304 N.C. 68, 283 S.E.2d 115 (1981). The reviewing court must "review the whole

## IN RE APPEAL OF MORAVIAN HOME, INC.

[95 N.C. App. 324 (1989)]

record." G.S. 105-345.2(c). In addition, if the Commission's findings of fact or conclusions of law are not supported by "competent, material and substantial evidence in view of the entire record as submitted," G.S. 105-345.2(b)(5), we may reverse.

A taxpayer claiming an exemption from ad valorem taxation "has the burden of establishing that the property is entitled thereto." G.S. 105-282.1(a). Additionally, if supported by substantial evidence the Commission's findings are binding on appeal. *See In re Forestry Foundation,* 296 N.C. 330, 250 S.E.2d 236 (1979). Here the Commission expressly found that Moravian Home had an active program to generate funds to assist those who could not pay the fees charged by the Home.

James L. Forkner, Chairman of the Board of Moravian Home, testified that the Home has established an Endowment Fund to assist the indigent. He further claimed that the Home actively solicits contributions for the fund. In addition, Mother's Day was designated as Moravian Home Sunday with each reporting church seeking contributions specifically for the Endowment Fund on that day each year. This evidence is sufficient to support the Commission's finding. We further hold that Moravian Home has met its burden of demonstrating that it falls within the class exempted from ad valorem taxes pursuant to G.S. 105-275(32).

For the foregoing reasons we do not review the constitutionality of G.S. 105-275(32). However, we hold that the Property Tax Commission's ruling that Moravian Home's property should be excluded from ad valorem taxation is correct.

Affirmed.

Judges PARKER and ORR concur.