## IN RE APPEAL OF FORSYTH COUNTY

[104 N.C. App. 635 (1991)]

IN THE MATTER OF: THE APPEAL OF FORSYTH COUNTY AND ITS ASSESSOR CONCERNING THE APPRAISAL OF CERTAIN PROPERTY OWNED BY TURNPIKE PROPERTIES, INC. (RAMADA INN NORTH) BY THE FORSYTH COUNTY BOARD OF EQUALIZATION AND REVIEW FOR 1988

No. 9110PTC13

(Filed 3 December 1991)

**Taxation § 25.11 (NCI3d)— property tax—appeal by county to Property Tax Commission—no standing**

The Property Tax Commission properly dismissed the appeal of petitioner Forsyth County and its assessor from the State Board of Equalization and Review. It is clear by language contained in N.C.G.S. § 105-290(b) that the Legislature intended the right of appeal in these cases to extend only to taxpayers or those persons who have ownership interests in the property subject to taxation. In this case, Forsyth County is neither a taxpayer nor a person having ownership interest in the property subject to taxation, and the language of the new statute conspicuously omits a right of appeal to the Commission by a county or any county official on behalf of a county.

**Am Jur 2d, State and Local Taxation §§ 807, 810, 1142.**

**Standing of one taxpayer to complain of underassessment or nonassessment of property of another for state and local taxation. 9 ALR4th 428.**

APPEAL by Forsyth County and its tax assessor from an order of the North Carolina Property Tax Commission entered 10 October 1990. Heard in the Court of Appeals 14 October 1991.

This is an appeal from the North Carolina Property Tax Commission (hereinafter the Commission), sitting as the State Board of Equalization and Review (hereinafter the Board). Petitioner Forsyth County and its assessor appeals the Commission's order dismissing petitioners' appeal from the Board. In 1988, the Forsyth County Tax Assessor valued property held by Turnpike Properties, Inc. at $3,285,700 for tax purposes. Turnpike Properties appealed this assessment to the Board and on 18 April 1989, the Board rendered a decision reducing the assessed value of property owned by Turnpike Properties, Inc. from $3,285,700 to $2,035,000.

Petitioners filed notice of appeal and application for hearing with the Commission. Respondent, Turnpike Properties, Inc., filed a motion to dismiss. The Commission granted Turnpike's motion to dismiss petitioners' appeal, finding petitioners lacked standing to appeal a decision of the Board. Petitioners appeal.

*Davida W. Martin and P. Eugene Price, Jr., for petitioner-appellants.*

*Petree Stockton & Robinson, by G. Gray Wilson and Urs R. Gsteiger, for respondent-appellee.*

WELLS, Judge.

Petitioners bring forth fourteen assignments of error for our review. They do not address their first, seventh and thirteenth assignments of error in their brief and they are therefore deemed abandoned. N.C.R. App. P., Rule 28. Petitioners contend the Commission erred in concluding that N.C. Gen. Stat. § 105-290(b) does not give petitioners the right to appeal from a decision of the local County Board of Equalization and Review. We disagree. The language set out in N.C. Gen. Stat. § 105-290(b) being dispositive to the issue of petitioners' right to appeal to the Commission, we limit our discussion to petitioners' assignments which address this issue.

N.C. Gen. Stat. § 105-290(b) provides:

(b) *Appeals from Appraisal and Listing Decisions.*— The Property Tax Commission shall hear and decide appeals from decisions concerning the listing, appraisal, or assessment of property made by county boards of equalization and review and boards of county commissioners. *Any property owner* of the county may except to an order of the county board of equalization and review or the board of county commissioners concerning the listing, appraisal, or assessment of property and appeal the order to the Property Tax Commission. (Emphasis added.)

Petitioners contend the language "any property owner" found in N.C. Gen. Stat. § 105-290(b) can be construed to include the county itself because the county owns property within its own boundaries. However, this argument fails to recognize the restrictions found in N.C. Gen. Stat. § 105-290(b)(1), which states in pertinent part:

IN RE APPEAL OF FORSYTH COUNTY

[104 N.C. App. 635 (1991)]

> In such cases, *taxpayers and persons having ownership interests in the property subject to taxation* may file separate appeals or joint appeals at the election of one or more of the taxpayers. (Emphasis added.)

It is clear by the language contained in this paragraph that the Legislature intended the right of appeal in these cases to extend only to taxpayers or those persons who have ownership interests in the property subject to taxation. In this case, Forsyth County is neither a taxpayer nor a person having ownership interest in the property subject to taxation.

The intent of our Legislature to restrict the class of persons who may appeal such cases to the Commission is evidenced by the repealing of former N.C. Gen. Stat. § 105-324(b). This statute allowed a "property owner of a county or *member of the board of county commissioners or board of equalization and review*" to appeal to the Commission. (Emphasis added.) This statute was repealed effective January 1, 1988 and appeals in such cases are now governed by N.C. Gen. Stat. § 105-290(b). The language of the new statute conspicuously omits a right of appeal to the Commission by a county or any county official on behalf of a county. *Compare In re Appeal of Moravian Home, Inc.*, 95 N.C. App. 324, 382 S.E.2d 772, *rev. denied and appeal dismissed*, 325 N.C. 707, 388 S.E.2d 457 (1989) (holding that neither county nor county tax assessor had standing under former statute to appeal to the Tax Commission from the decision of its County Board of Equalization and Review). Petitioners failed to show any statutory right to appeal to the Commission and we therefore affirm the dismissal of this appeal.

Affirmed.

Judges PARKER and WYNN concur.