**IN RE MOSES H. CONE MEMORIAL HOSPITAL**

[340 N.C. 93 (1995)]

———————————

IN THE MATTER OF: THE MOSES H. CONE MEMORIAL HOSPITAL & ROGER C. COTTEN

No. 148PA94

(Filed 7 April 1995)

**Taxation § 30 (NCI4th)— hospital's child care center—exemption from ad valorem taxes**

 The decision of the Court of Appeals that a nonprofit hospital's child care center was actually and exclusively used for a charitable hospital purpose and was thus exempt from ad valorem taxation under N.C.G.S. § 105-278.8 is affirmed.

**Am Jur 2d, State and Local Taxation §§ 362 et seq.**

On Guilford County's petition for discretionary review pursuant to N.C.G.S. § 7A-31, and on taxpayer Roger C. Cotten's petition for writ of certiorari of constitutional issues pursuant to N.C.G.S. § 7A-32(b), from a decision of the Court of Appeals, 113 N.C. App. 562, 439 S.E.2d 778 (1994), vacating in part and reversing in part a Final Decision entered 24 November 1992 by the North Carolina Property Tax Commission. Heard in the Supreme Court 13 February 1995.

*Wilson & Iseman, L.L.P., by G. Gray Wilson and Urs R. Gsteiger, for taxpayer-appellee The Moses H. Cone Memorial Hospital.*

*Nichols, Caffrey, Hill & Evans, L.L.P., by Fred T. Hamlet and ToNola D. Brown, for taxpayer-appellant Roger C. Cotten.*

*Guilford County Attorney's Office, by Gregory L. Gorham and J. Edwin Pons, Deputy County Attorneys, for appellant Guilford County.*

*Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., by Jim W. Phillips, Jr. and Forrest W. Campbell, Jr., on behalf of The North Carolina Hospital Association, amicus curiae.*

PER CURIAM.

Taxpayer-appellee, The Moses H. Cone Memorial Hospital ("the Hospital"), was assessed ad valorem taxes for its child care center by the Guilford County Tax Assessor for tax year 1990. The Hospital duly filed an application for exemption under the provisions of N.C.G.S. § 105-278.8. The Guilford County Board of Equalization and Review ("the Board") reversed the decision of the Guilford County Tax Assessor, Roger C. Cotten, and determined that the property was exempt from ad valorem taxation. This decision was appealed to the North Carolina Property Tax Commission ("the Commission") by Roger Cotten, in his individual capacity and in his own behalf as a property owner in Guilford County pursuant to N.C.G.S. § 105-290(b), because this statute has been interpreted to "conspicuously omit[] a right of appeal to the Commission by a county or any county official on behalf of a county." *In re Appeal of Forsyth County,* 104 N.C. App. 635, 637, 410 S.E.2d 533, 534 (1991), *disc. rev. denied,* 330 N.C. 851, 413 S.E.2d 551 (1992). N.C.G.S. § 105-290(b) provides that "[a]ny property owner of the county may except to an order of the county board of equalization and review or the board of county commissioners concerning the listing, appraisal, or assessment of property and appeal the order to the Property Tax Commission."

For 1991, the child care center was again assessed ad valorem taxes by the tax assessor. The Hospital filed another application for exemption to the new Board, which this time upheld the tax assessment and determined that the child care center was not entitled to exemption from ad valorem taxes under N.C.G.S. § 105-278.8. This decision was appealed to the Commission by the Hospital, which consolidated the appeal with Cotten's 1990 appeal. The Commission then affirmed the 1991 decision and reversed the 1990 decision, thus denying exemption to the child care center for both years.

On 22 December 1992, the Hospital filed written notice of appeal to the North Carolina Court of Appeals. On 15 February 1994, the Court of Appeals reversed the Commission on all issues, dismissing

Mr. Cotten's appeal and granting tax exemption to the child care facility for both 1990 and 1991. *In re Moses H. Cone Memorial Hospital,* 113 N.C. App. 562, 439 S.E.2d 778 (1994). On 16 June 1994, this Court granted Guilford County's petition for discretionary review and taxpayer Roger Cotten's petition for writ of certiorari.

After reviewing the briefs and record and listening to oral arguments, we conclude that taxpayer Cotten's petition for writ of certiorari as to whether he had standing to appeal the 1990 decision of the Board was improvidently allowed. For the reasons stated in *In re Moses H. Cone Memorial Hospital,* 113 N.C. App. 562, 439 S.E.2d 778, we conclude that the decision of the Court of Appeals should be affirmed as to the issue of whether the Hospital's child care center was actually and exclusively used for a charitable hospital purpose as required by N.C.G.S. § 105-278.8.

AFFIRMED IN PART.

WRIT OF CERTIORARI IMPROVIDENTLY ALLOWED IN PART.