NO. COA14-223

NORTH CAROLINA COURT OF APPEALS

Filed: 16 September 2014

IN THE MATTER OF:
THE APPEAL OF:
Interstate Outdoor Incorporated          North Carolina
from the decision of the Johnston        Property Tax Commission
County Board of Equalization and         PTC Nos.  11 PTC 1062
Review regarding the valuation of                  12 PTC 1683
certain business personal property
for tax year 2012.

Appeal by Interstate Outdoor Incorporated from Final Decisions entered on or about 19 September 2013 by the North Carolina Property Tax Commission.  Heard in the Court of Appeals 12 August 2014.

> *Spence & Spence, P.A., by Robert A. Spence, for appellant Interstate Outdoor Incorporated.*

> *David F. Mills, P.A., by David F. Mills, for appellee County of Johnston.*

STROUD, Judge.

Interstate Outdoor, Inc. ("Interstate") appeals from two final decisions of the Property Tax Commission. It argues that the Commission erroneously affirmed *ad valorem* tax assessments for 2011 and 2012 made by Johnston County regarding 69 billboards it owns. We affirm the Commission's decisions because

Interstate failed to produce substantial evidence that the valuation method used by Johnston County was arbitrary or illegal.

## I. Background

Interstate is a corporation that owns and rents out billboards in 40 counties in North Carolina, including approximately 80 billboards in Johnston County. Interstate appealed Johnston County Tax Administration's valuation of 60 billboards it owned in Johnston County for tax years 2011 and 2012, as well as nine new billboards it bought in 2012. For tax year 2011, the county valued Interstate's property at $2,547,577. Interstate asserts its property was actually worth $1,923,746. For tax year 2012, the county valued Interstate's property at $2,786,200. Interstate asserted that its property was actually worth $1,790,691. To value the billboards, Johnston County relied on the Billboard Structures Valuation Guide published by the North Carolina Department of Revenue, which is updated annually.

On appeal to the Property Tax Commission, Interstate argued that the county had significantly overestimated the value of its property and introduced what it considered the proper estimate for each billboard. To do so, it asked one of its normal

billboard contractors for ten quotes on different types of billboards. It then used one of the ten quotes for each of the billboards of contested value. Additionally, Interstate highlighted that the 2011 and 2012 tax values were approximately eighteen percent higher than those for 2010. In 2010, Interstate had appealed the valuation of its billboards. The parties reached a negotiated settlement, which valued its property at $1,923,746. Interstate argued that the value should remain the same for the 2011 and 2012 tax years.

The Property Tax Commission found that Interstate failed to show that the quotes it used "included all the costs that make the property ready for its intended uses," or a substantial connection between the quotes and the actual costs of constructing the billboards at issue. It therefore affirmed Johnston County's valuation for both tax years, with one dissent. Interstate timely appealed to this Court.

## II. Standard of Review

In reviewing the decision of the Property Tax Commission,

> the court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning and applicability of the terms of any Commission action. The court may affirm or reverse the decision of the Commission, declare the same null and void, or remand the case for further proceedings; or it may

reverse or modify the decision if the substantial rights of the appellants have been prejudiced because the Commission's findings, inferences, conclusions or decisions are:

(1) In violation of constitutional provisions; or
(2) In excess of statutory authority or jurisdiction of the Commission; or
(3) Made upon unlawful proceedings; or
(4) Affected by other errors of law; or
(5) Unsupported by competent, material and substantial evidence in view of the entire record as submitted; or
(6) Arbitrary or capricious.

N.C. Gen. Stat. § 105-345.2(b) (2011). "In making the foregoing determinations, the court shall review the whole record or such portions thereof as may be cited by any party and due account shall be taken of the rule of prejudicial error." N.C. Gen. Stat. § 105-345.2(c).

The court may not consider the evidence which in and of itself justifies the Commission's decision without also taking into account the contradictory evidence or other evidence from which conflicting inferences could be drawn. . . . Therefore, under N.C. Gen. Stat. § 105-345.2(b), questions of law receive de novo review, while issues such as sufficiency of the evidence to support the Commission's decision are reviewed under the whole-record test.

*In re Blue Ridge Housing of Bakersville LLC*, ___ N.C. App. ___, ___, 738 S.E.2d 802, 807 (citations, quotation marks, ellipses,

and brackets omitted), *app. dismissed and rev. allowed*, ___ N.C. ___, 747 S.E.2d 526 (2013), *disc. rev. improvidently allowed*, ___ N.C. ___, 753 S.E.2d 152 (2014). "If the court finds substantial evidence to support the Commission's decision, the Commission's decision may not be overturned." *Matter of Moses H. Cone Memorial Hosp.*, 113 N.C. App. 562, 571, 439 S.E.2d 778, 783 (1994), *aff'd in part*, 340 N.C. 93, 455 S.E.2d 431 (1995).

## III. Analysis

Although Interstate frames its arguments on appeal as four distinct issues, in reality, it raises but one. In essence, it argues that the County used an illegal and arbitrary method of valuation because it followed the Department of Revenue schedules for the valuation of billboards without taking into account local conditions in Johnston County.

> A county's *ad valorem* tax assessment is presumptively correct. However, the taxpayer may rebut this presumption by presenting competent, material, and substantial evidence that tends to show that (1) either the county tax supervisor used an arbitrary method of valuation; or (2) the county tax supervisor used an illegal method of valuation; and (3) the assessment substantially exceeded the true value in money of the property. Simply stated, it is not enough for the taxpayer to show that the means adopted by the tax supervisor were wrong, he must also show that the result arrived at is *substantially* greater than the true value in money of the property

> assessed, i.e., that the valuation was *unreasonably* high.
>
> Once the taxpayer rebuts the initial presumption, the burden shifts back to the County which must then demonstrate that its methods produce true values. The critical inquiry in such instances is whether the County's appraisal methodology is the proper means or methodology given the characteristics of the property under appraisal to produce a true value or fair market value. To determine the appropriate appraisal methodology under the given circumstances, the Commission must hear the evidence of both sides, to determine its weight and sufficiency and the credibility of witnesses, to draw inferences, and to appraise conflicting and circumstantial evidence, all in order to determine whether the Department met its burden.

*In re Parkdale Mills*, ___ N.C. App. ___, ___, 741 S.E.2d 416, 419-20 (2013).

Thus, we must first consider whether there is substantial evidence in the record, considering it as a whole, to support the Commission's conclusion that Interstate failed to carry its burden of showing that Johnston County used an arbitrary or illegal method of valuation.

N.C. Gen. Stat. § 105-291(g) (2011) authorizes the Department of Revenue to "develop and recommend standards and rules to be used by tax supervisors and other responsible officials in the appraisal of specific kinds and categories of

property for taxation." The Local Government Division of the Department of Revenue created a Billboard Structures Valuation Guide ("Billboard Guide") for tax years 2011 and 2012. Johnston County used the guide to appraise Interstate's billboards for the relevant tax years.

The Billboard Guide recommended applying a replacement cost approach to valuation because of the difficulty of acquiring the information necessary to accurately value billboards using either the income or sales comparison approaches.[1] The schedule was created based on data "extracted from material costs, labor, and other integral components of billboard construction." George Hermane, the personal property manager for Johnston County Tax Administration, testified that use of a sales or income approach would not be possible because the necessary information is not normally available. As a result, the Billboard Guide suggests that "[t]he valuation of each sign . . . be determined by calculating the replacement cost new (RCN) and then deducting depreciation based on an effective age depreciation schedule."

The Billboard Guide divides billboards into four general categories:      (1)   wood   structures,   (2)   steel   "A-Frame"

---

[1] Replacement cost is a valid method of appraising personal property under N.C. Gen. Stat. § 105-317.1(a)(1) (2011).

structures, (3) multi-mast structures, and (4) monopole structures. It then further divides the various classes of billboards into subclasses based on the size, height, and number of panels and design. The Billboard Guide also established special guidelines for electronic displays, tri-fold, and tri-vision billboards. Each one of these categories is assigned an RCN value. There is also a schedule of depreciation which takes into account the age of the billboard.

"The use of schedules of values and rules of application not only makes the valuation of a substantial number of [pieces] of property feasible, but also ensures objective and consistent countywide property valuations and corollary equity in property tax liability." *In re Allred*, 351 N.C. 1, 10, 519 S.E.2d 52, 58 (1999). Nevertheless, use of a schedule alone "does not prove that the valuation and assessment of the subject property was itself not arbitrary." *In re Lane Company-Hickory Chair Div.*, 153 N.C. App. 119, 125, 571 S.E.2d 224, 228 (2002).

Here, Interstate argues the use of the Billboard Guide in Johnston County is arbitrary and illegal because it fails to take into account the wind load and soil conditions in the area, which could affect construction costs. But "the fact that independent valuations of each [piece of personalty] might be

more accurate than a mass appraisal does not make the county's method arbitrary. Considerations of practicality must enter into the choice of method." *Appeal of Wagstaff*, 42 N.C. App. 47, 49, 255 S.E.2d 754, 756 (1979). As our Supreme Court noted in *McLean Trucking*, "[t]he task of examining and appraising each of the thousands of [pieces of personalty in a given class] would be almost impossible." *In re McLean Trucking Co.*, 281 N.C. 375, 387-88, 189 S.E.2d 194, 202 (1972) (citation, quotation marks, and brackets omitted), *app. dismissed and cert. denied*, 409 U.S. 1099, 34 L.Ed. 2d 681 (1973).

"To avoid this, the County is justified in using some recognized dependable and uniform method of valuing them." *Id.; see also Appeal of Bosley*, 29 N.C. App. 468, 471-72, 224 S.E.2d 686, 688 (noting that "[t]he difficulty of estimating the value of household property makes it impossible to appraise each item of such property precisely at actual market value"), *disc. rev. denied*, 290 N.C. 551, 226 S.E.2d 509 (1976). "A uniform and dependable method of property appraisal which gives effect to the various factors that influence the market value of property and results in equitable taxation does not violate the appraisal provisions of the Machinery Act." *Bosley*, 29 N.C. App. at 472, 224 S.E.2d at 688. Indeed, N.C. Gen. Stat. § 105-317.1(a)

specifically permits an appraiser of personal property to appraise either "each item" or a "lot of similar items." Interstate is not the only owner of billboards in Johnston County and it alone owns more than 80 billboards in various locations across the county. The impracticality of assessing each and every billboard based on the precise soil conditions at its base and wind load is a valid consideration for the county. *See Wagstaff*, 42 N.C. App. at 49, 255 S.E.2d at 756.

Interstate presented various invoices for what it considered "similar" signs in an attempt to demonstrate the application of the Billboard Guide did not result in the true value of the billboards. But these quotes were not for the particular signs at issue. Interstate requested 10 estimates to use for all of the signs. It then used the estimates to argue that what it considered similar signs should be valued at the amount quoted.

The estimates produced by Interstate often used dimensions that did not match the actual billboards. Interstate used quotes for smaller billboards to provide estimates for larger billboards, some significantly so. For instance, Interstate estimated the replacement costs for one 12'x 40' sign that is

65' tall using a quote for a billboard 10'6" by 40' and 40' tall.

Moreover, we note that Interstate's prices are based on estimates provided by one of its regular suppliers. Mr. Hermane explained that in "outdoor advertising . . . the structures are sold in bulk transfers and often through other agreements that would throw off the valuation."

> The appraisal of property for taxation cannot be made to depend upon the number of units of similar properties owned by the taxpayer or upon the varying abilities of the several taxpayers to negotiate for favorable terms in buying or selling such units. To hold otherwise would depart from the principle of equality of appraisal which is fundamental in the Machinery Act.

*In re McLean Trucking Co.*, 281 N.C. at 387, 189 S.E.2d at 202. Thus, there was substantial reason to doubt that the quotes reflected the true value of the billboards.

Additionally, Interstate argues that it should have been evident to the Commission that the 2011 and 2012 appraisals were arbitrary and illegal because they were so much higher than the 2010 appraisal. But the 2010 appraisal was a compromise reached between the parties for that tax year. Interstate cites no case holding that a settlement concerning a prior tax year is

substantial evidence that the appraisal should remain the same into the future.

Given these facts, it was not illegal or arbitrary for Johnston County to appraise Interstate's billboards in bulk. The method followed by Johnston County took into account the relevant properties of the billboards, such as their size, design, and age. Interstate has failed to show that the method prescribed by the Billboard Guide produces a value significantly higher than the true value. Therefore, we affirm the Property Tax Commission's Final Decisions as to both the 2011 and 2012 tax years.

## IV. Conclusion

We affirm the Commission's final decisions regarding both the 2011 and 2012 tax years because Interstate failed to present substantial evidence that the valuation method used by Johnston County was arbitrary or illegal.

AFFIRMED.

Chief Judge MCGEE and Judge BRYANT concur.